**Robert Baez CRUZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14-91-00428-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 13, 1992.

Rehearing Denied Sept. 10, 1992.

Discretionary Review Refused
Jan. 27, 1993.

Charles W. Wexler, Jr., B.N. Tucker, Jr., Huntsville, for appellant.

Travis L. McDonald, Huntsville, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated assault of a correctional officer. TEX.PENAL CODE ANN. § 22.02(a)(2). He was convicted and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(d), at imprisonment for forty years. Appellant raises eight points of error. We affirm.

Appellant is an inmate at the Wynne Unit and was charged with assaulting Correctional Officer Jaqueline Galloway. On or about December 5, 1988, Correctional Officer Stephen Palmer was removing unauthorized items from appellant's cell while appellant was in the shower. Cells are "shaken down" daily for the safety of inmates and officers. Officer Palmer was removing magazine clippings from the wall of appellant's cell. Fire code regulations allow inmates only two personal pictures and a calendar. Appellant had violated

these regulations on at least three or four other occasions. Appellant was handcuffed and escorted back to his cell by Sergeant Thomas Chesser, Officer Galloway and Officer Thomas Wardell. Appellant saw Officer Palmer shaking down his cell. Appellant became agitated and began cursing at Officer Palmer. Sergeant Chesser attempted to calm appellant. Sergeant Chesser was facing appellant and Officer Galloway and the other officer were standing behind appellant. Appellants hands were cuffed behind his back and Officer Galloway had her hand on appellant's handcuffs. Appellant backed one of the officers against a railing and kicked Sergeant Chesser. The officers then pulled appellant to the floor. Appellant struggled and fell on top of Officer Galloway, who, it was later determined, suffered a dislocated left hip. Officer Galloway had to be carried from the scene.

■ In his first point of error, appellant contends that the trial court erred in failing to sustain his objection to the indictment. Specifically, appellant contends that the indictment is insufficient because it fails to allege the act or acts which show that appellant recklessly caused bodily injury to the officer.

■ Article I, section 10 of the Texas Constitution guarantees the accused the right to be informed of the "nature and cause of the accusations against him." Article 21.15 of the Code of Criminal Procedure provides that whenever the accused is charged with acting recklessly in the commission of an offense, the indictment must allege with reasonable certainty the act or acts constituting recklessness. TEX.CODE CRIM.PROC.ANN. art. 21.15 (Vernon 1989). The indictment is insufficient if it merely alleges that the accused acted recklessly in committing the offense. *Id.* In the instant case, the indictment alleges that appellant "... did then and there knowingly, intentionally and recklessly cause bodily injury to Jaqueline Galloway, *by striking her with his body and causing her to fall to the floor...."* (emphasis added). It is proper to allege the culpable mental states in the conjunctive and to charge the jury in the disjunctive, as the State did here. *Rogers v. State,* 774 S.W.2d 247, 251 (Tex.Crim.

App.), *cert. denied,* 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989). The State was not required to plead evidentiary facts. We conclude that the indictment adequately informed appellant of the acts constituting recklessness. *See Gengnagel v. State,* 748 S.W.2d 227, 229–30 (Tex.Crim.App. 1988). We overrule appellant's first point of error.

■ In his second point of error, appellant attacks the sufficiency of the evidence. Appellant contends that he did not intend to cause bodily injury to Officer Galloway.

In reviewing the sufficiency of the evidence, the test is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989). Intent may be established by circumstantial evidence; it can can be inferred from the acts, words and conduct of the accused. *Romo v. State,* 593 S.W.2d 690, 693 (Tex.Crim.App. [Panel Op.] 1980); *McHenry v. State,* 689 S.W.2d 479, 480 (Tex.App.—Houston [14th Dist.] 1985, no pet.); *Fewell v. State,* 687 S.W.2d 807, 810 (Tex.App.—Houston [14th Dist.] 1985, no pet.). In addition, intent is a fact question to be determined by the jury from the evidence. *See Id.*

Officers Palmer, Chesser, and Galloway testified that appellant became "violent, agitated or belligerent" when he discovered Officer Palmer conducting a routine shakedown of his cell. Appellant kicked Sergeant Chesser and backed another officer against the railing. The officers used force to subdue appellant, who struggled to resist the officers. In the scuffle, appellant fell on top of Officer Galloway. The law presumes that a person intends the natural and probable consequences of his voluntary acts. *See Matson v. State,* 819 S.W.2d 839, 846 (Tex.Crim.App.1991); *Emerson v. State,* 662 S.W.2d 92, 96 (Tex. App.—Houston [1st Dist.] 1983), *aff'd.,* 727 S.W.2d 267 (Tex.Crim.App.1987). The jury reasonably concluded that if appellant had

not become belligerent and kicked Sergeant Chesser, the officers would not have had to use force and Officer Galloway would not have been hurt.

Several inmates testified that Officer Wardell charged appellant and inadvertently knocked Officer Galloway to the floor. As factfinder, the jury is the exclusive judge of credibility of witnessess and the weight to be afforded their testimony. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App.1991); *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). Further, "a reviewing court ... faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d at 846. Viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. We overrule appellant's second point of error.

■ In his third point of error, appellant contends that he was denied access to exculpatory evidence in violation of his due process rights.

The complained-of evidence includes a statement by appellant that "I fell on the run" and witness statements by inmates Matthew Lyle and Richard Williams. According to Lyle and Williams, an Officer "Coot" or "Hoot" took an errant swing at appellant. As Officer Galloway attempted to place a "head lock" on appellant, the officer pushed appellant and Officer Galloway against the bars of the cell and, along with several other officers, knocked them to the floor. Appellant also complains of a statement by Officer Galloway that "the inmate then struggled in an attempt to kick Sergeant Chesser [and] I then pulled on the cuffs toward myself and the inmate was placed on the ground...." Appellant further points to a supervisor report which states that Officer Galloway was "pinned against the security fence and underneath the inmate." The complained-of evidence was contained in internal Texas Depart-

ment of Criminal Justice (TDCJ) documents subpoenaed by appellant and produced in camera for the trial court. After a hearing, the trial court quashed the subpoenas.

■ A defendant in a criminal case does not have a general right to discovery of evidence in possession of the State. *Kinnamon v. State*, 791 S.W.2d 84, 91 (Tex. Crim.App.1990); *Whitchurch v. State*, 650 S.W.2d 422, 425 (Tex.Crim.App.1983). Decisions involving pretrial discovery of evidence which is not exculpatory, mitigating or privileged are within the discretion of the trial court. *Kinnamon*, 791 S.W.2d at 91; *Quinones v. State*, 592 S.W.2d 933, 940 (Tex.Crim.App.), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980); *Dickens v. Court of Appeals for the Second Supreme Judicial District of Texas*, 727 S.W.2d 542, 551 (Tex.Crim.App.1987); TEX. CODE CRIM.PROC.ANN. art. 39.14 (Vernon 1979).

■ The holding in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requires disclosure only of evidence that is both favorable to the accused and material either to guilt or to punishment. *United States v. Bagley*, 473 U.S. 667, 674, 105 S.Ct. 3375, 3379, 87 L.Ed.2d 481 (1985) (citing *Brady*, 373 U.S. at 87, 83 S.Ct. at 1197). To invoke *Brady*, the accused must present evidence that: (1) the prosecution suppressed or withheld evidence; (2) this evidence would have been favorable to the accused; and (3) this evidence would have been material to the accused's defense. *Moore v. Illinois*, 408 U.S. 786, 794–95, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 (1972); *Mullen v. State*, 722 S.W.2d 808, 815 (Tex. App.—Houston [14th Dist.] 1987, no pet.). Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Bagley*, 473 U.S. at 692, 105 S.Ct. at 3388; *Amos v. State*, 819 S.W.2d 156, 159 (Tex. Crim.App.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1959, 118 L.Ed.2d 561 (1992). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Bagley*, 473 U.S. at 692, 105 S.Ct. at 3388; *Amos*, 819 S.W.2d at 159.

Initially, we note that the situation here is analogous to that under the federal rules of criminal procedure in that a subpoena duces tecum is not to be used as a discovery weapon, but as an aid to discovery based upon a showing of materiality and relevance. *Gevinson v. United States*, 358 F.2d 761, 766 (5th Cir.), *cert. denied*, 385 U.S. 823, 87 S.Ct. 51, 17 L.Ed.2d 60 (1966); *Gilmore v. United States*, 256 F.2d 565, 567–68 (5th Cir.1958). Here, the complained-of evidence was obtained during the TDCJ's investigation of the incident and was privileged. *See Brem v. State*, 571 S.W.2d 314, 322 (Tex.Crim.App. [Panel Op.] 1978). Further, there is no showing that the complained of evidence is material within the meaning of *Brady*. In fact, the evidence presents a version of the incident that is not significantly different from that heard by the jury.

According to inmates Lyle and Williams, one of the officers took a swing at appellant and then knocked appellant to the floor and on top of Officer Galloway. Except for the identity of the officer and the fact that the officer took a swing at appellant, the version of the incident put forth by Lyle and Williams is nearly identical to the version stated by the officers involved. More importantly, it contradicts the testimony of appellant's own witnesses. Five inmates testified on appellant's behalf that Officer Wardell simply charged appellant and mistakenly knocked Officer Galloway to the floor. Finally, there is no showing that the prosecution withheld the evidence in question. The investigator for the Inmate Legal Defense of the TDCJ testified on the motion for new trial that he reviewed the prosecution's file which contained the investigative reports prepared by the TDCJ. We conclude that disclosure of the complained of evidence would not have changed the outcome of the trial. We also hold that appellant was not improperly denied access to exculpatory evidence. We overrule appellant's third point of error.

■ In his fourth point of error appellant contends that the trial court erred in refusing to instruct the jury on his theory of the case. Specifically, appellant contends that the jury should have been instructed on the issue of voluntariness.

■ An accused is entitled to an instruction on every defensive issue raised by the evidence, regardless of whether such evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may or may not think about the credibility of the evidence. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex. Crim.App.1987). If the defendant engages in a voluntary act and has the requisite mental state, his conduct is not rendered involuntary simply because the conduct also included an involuntary act or because the defendant did not intend the result of his conduct. *Owens v. State*, 786 S.W.2d 805, 809 (Tex.App.—Fort Worth 1990, pet. ref'd).

■ Here, the issue of the voluntariness of appellant's conduct was not raised by the evidence. According to the testimony of the officers involved, appellant set off the chain of events that caused injury to Officer Galloway when he became "violent, agitated or belligerent." That testimony was not disputed. Appellant's witnesses testified only that Officer Wardell knocked Officer Galloway to the floor. They did not state whether the officer's conduct was unprovoked. Where the evidence shows only a lack of intent to cause resulting injuries or only an involuntary act that is only part of the overall voluntary conduct, the trial court is correct in refusing a requested charge on voluntary conduct. *See Joiner v. State*, 727 S.W.2d 534 (Tex.Crim.App.1987); *Owens* 786 S.W.2d at 809. We overrule appellant's fourth point of error.

■ In his fifth and sixth points of error, appellant contends that he was denied the right to compulsory process under the U.S. and Texas Constitutions when the trial court granted the State's motion to quash the subpoena duces tecum.

The Sixth Amendment to the U.S. Constitution and article I, section 10 of the Texas Constitution speak of the "right to compulsory process for obtaining *witnesses*," not documents. Appellant complains only of the non-disclosure of documents, not the absence of witnesses. Thus, appellant does not present a cognizable point of error for

review. Further, we note that the right to compulsory service is not absolute. *Weaver v. State,* 657 S.W.2d 148, 150 (Tex.Crim. App.1983); *Franklin v. State,* 733 S.W.2d 537, 539 (Tex.App.—Tyler 1985, no pet.). Hence, even if appellant had complained of the absence of witnesses, namely, inmates Lyle and Williams, we have already determined that their testimony would be immaterial. *See Rodriguez v. State,* 513 S.W.2d 22, 28 (Tex.Crim.App.1974). We overrule appellant's fifth and sixth points of error.

■ In his seventh point of error, appellant contends that he is entitled to a new trial on guilt-innocence because the jury improperly received other evidence during deliberations. TEX.R.APP.P. 30(b)(7).

In his amended motion for new trial appellant alleged jury misconduct. In support of that motion, appellant filed identical affidavits from two jurors, Werner Kaemmerer and Dana Eckles. Those affidavits state in pertinent part that:

> There were two strong personalities on the jury who were at the time employed by the Texas Department of Corrections. These two individuals were Delena Kay Flakes and Jaime Quintero. They talked about their experiences working in security for TDC. Mr. Quintero attempted to describe various experiences he had on his unit which related to procedures not presented in evidence to the jury. He was strongly in favor of a guilty verdict. Ms. Flakes related that based on her experience as an inmate counsel, she knew that he was guilty. These experiences had not been presented in evidence in the courtroom.

■ After a hearing, the trial court denied appellant's motion. The decision on a motion for new trial rests within the sound discretion of the trial court. *Tollett v. State,* 799 S.W.2d 256, 259 (Tex.Crim.App. 1990); *Beal v. State,* 520 S.W.2d 907, 912 (Tex.Crim.App.1975). In the absence of an abuse of discretion, the decision of the trial court will not be reversed on appeal. *Tollett,* 799 S.W.2d at 259; *Beal* 520 S.W.2d at 912. A defendant is entitled to a new trial because the jury received "other evidence" during deliberations if he or she can establish that the evidence was: (1) received by the jury, and (2) adverse or detrimental to

his or her case. *Stephenson v. State,* 571 S.W.2d 174, 176 (Tex.Crim.App. [Panel Op.] 1978); *Bratcher v. State,* 771 S.W.2d 175, 188 (Tex.App.—San Antonio 1989, no pet.).

At the hearing on the motion for new trial, Ms. Eckles testified that Mr. Quintero discussed his role as a security officer on the Wynne Unit, but that, she "tuned him out" and could not recall anything specific. She also testified that she did not hear Ms. Flakes discuss her work at the TDCJ. She further testified that neither Mr. Quintero nor Ms. Flakes influenced her decision. Mr. Kaemmerer likewise testified that Mr. Quintero did not influence his decision. Mr. Kaemmerer testified that Mr. Quintero stated only that he was familiar with the rules and regulations of prison and *tried* to tell the jury about it. Mr. Kaemmerer did not elaborate on what was said. A review of the record reflects that appellant failed to carry his burden under either prong of the *Stephenson* test. The trial did not abuse its discretion in overruling appellant's motion for new trial. We overrule appellant's seventh point of error.

■ In his eighth point of error, appellant contends that the imposition of a cumulative sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Section 42.08(b) of the Code of Criminal Procedure authorizes a cumulative sentence for an offense committed by a prisoner. TEX.CODE CRIM.PROC.ANN. art. 42.08(b) (Vernon Supp.1992). Appellant contends that article 42.08 violates the Eighth Amendment because it permits punishment to be based on status, not the nature of the crime. Appellant did not raise this argument below and, thus, preserved nothing for review. *Quintana v. State,* 777 S.W.2d 474, 479 (Tex.App.—Corpus Christi 1989, pet. ref'd); TEX.R.APP.P. 52(a).

Even if appellant had preserved error, we would hold that his argument is without merit. The obvious intent of the legislature in passing article 42.08(b) was to deter criminal activity by those individuals who are already serving time. Neither the constitution nor public policy sanctions a result whereby individuals can commit crimes

with impunity simply because they are in prison. At the time of trial, appellant had served approximately six years, not counting credit for good time, of an eight-year sentence for unlawful possession of a firearm. Appellant also had a prior conviction for murder. If appellant's forty-year sentence had been concurrent instead of cumulative, he would have "saved" roughly two years. Under these circumstances, we do not find that appellant's sentence amounted to cruel and unusual punishment. *Quintana,* 777 S.W.2d at 480 (citing *United States Supreme Court in Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)). We overrule appellant's eighth point of error and affirm the judgment of the trial court.