TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00042-CR


NO. 03-00-00043-CR






Robert Moreno, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF HARRIS COUNTY, 263RD JUDICIAL DISTRICT


NO. 807407 & 807408, HONORABLE JIM WALLACE, JUDGE PRESIDING







 A jury convicted appellant Robert Moreno of aggravated kidnapping and aggravated
sexual assault and sentenced him to ninety-nine years' imprisonment. See Tex. Penal Code Ann.
§§ 20.04, 22.021 (West Supp. 2000). Appellant contends the evidence is legally and factually
insufficient to support his conviction. We will affirm.


Factual background

 Carmen Moreno (1) testified that on the night of Friday, March 5, 1999, she agreed
to give the complainant a ride home from work. As Moreno and the complainant left the
complainant's workplace, a man Moreno identified as appellant approached the complainant. 
Appellant put his arm around the complainant's neck and began dragging her to a vehicle while
she tried to pull away and told him to leave her alone. Moreno watched appellant throw the
complainant against his vehicle, open the door and throw her inside, and then climb into the car
after her; the complainant resisted the entire time. Moreno followed the car for some time and
then stopped and called the police from a gas station.

 Moreno knew appellant before this incident because he and the complainant had
dated for some time. Moreno said she did not approve of the relationship because she did not like
the way appellant treated the complainant. Moreno knew appellant had picked the complainant
up from work at other times in the past. Moreno told the police that appellant had been harassing
the complainant.

 A security guard working at a motel in Houston testified that at about 3:00 a.m.
on March 6, the complainant ran to him as he patrolled the motel's parking lot. The complainant
was dressed in a long shirt and crying that someone was going to kill her. She said she had
escaped from a room that motel records indicated had been rented by Christan Moreno. The
guard secured the complainant in a locked room and called the police.

 The complainant testified that she had known appellant for about a year before the
attack. During the time she knew appellant, appellant moved in with her and her children. 
Appellant was angry when she ended their relationship. After they broke up, appellant continued
to contact the complainant, asking her to continue the relationship. On the Tuesday before the
attack, appellant called the complainant and said he had a surprise for her when she finished work
on Friday. The complainant said she did not think anything of his statement at the time. She
denied asking appellant to pick her up from work on March 5, although he had driven her home
once after they broke up. 

 The complainant testified that when she and Moreno walked out of the building,
appellant approached her and put his hand around her neck. She asked him to remove his hand,
but he refused. Appellant said he had to show her something, and he forced her to walk with him
to a sport utility vehicle she did not recognize. The complainant said she told appellant she was
going home with Moreno, not with him. The complainant tried to resist appellant, but he was
much bigger and stronger than she was and she was afraid of him. As they neared the truck,
appellant pulled a gun from his pocket and put it against her right temple. The complainant
thought appellant was going to kill her. Appellant threw the complainant inside the truck, climbed
in after her and instructed the man who was in the driver's seat where to go. Appellant hit the
complainant in the face and forced her face down onto the seat so she could not see. The
complainant had the impression that the gun belonged to the driver, not to appellant, who said he
would return the gun when he was through with it. They stopped at appellant's uncle's house,
and appellant pulled her out by her hair and forced her into another car driven by another man. 
They then drove to a motel, with appellant still forcing her face into the seat. They stopped along
the way at a convenience store, and appellant asked the driver to buy a disposable camera. 

 Once in the motel room, appellant ordered the complainant to undress and then
sexually assaulted her anally, ordered her to perform oral sex on him, and assaulted her vaginally
once or twice. Appellant said he was going to treat her like a whore, and he took pictures of her
while she was undressed. He forced the gun into her mouth and told her he was going to kill her. 
When appellant fell asleep, the complainant ran from the room and found the security guard who
called the police. The complainant said that the entire time they were in the room, appellant kept
reminding her that he had a gun by putting it against her head, keeping it next to him, or holding
it as he walked around. The complainant testified that she went to the district attorney's office
and viewed several guns. She selected a Beretta as the gun that looked like the gun appellant
used.

 In both cause numbers--03-00-00042, the aggravated kidnapping charge, and 03-00-00043, the aggravated sexual assault charge--appellant asserts that the evidence is legally and
factually insufficient to prove that the weapon he used was a firearm as alleged in the indictment. 
In cause number 03-00-00042, he raises an additional two points of error, contending the evidence
is legally and factually insufficient to prove that he abducted the complainant with the intent to
commit the felony offense of aggravated sexual assault. 


Standard of review

 In reviewing the legal sufficiency of the evidence, we view the evidence in the light
most favorable to the verdict and ask whether any rational trier of fact could have found the
elements of the crime beyond a reasonable doubt. See Rojas v. State, 986 S.W.2d 241, 246-47
(Tex. Crim. App. 1998); Reina v. State, 940 S.W.2d 770, 773 (Tex. App.--Austin 1997, pet.
ref'd). In reviewing the factual sufficiency of the evidence, we view all of the evidence
objectively and set aside a verdict only if it is so against the overwhelming weight of the evidence
as to be clearly wrong and unjust. See Rojas, 986 S.W.2d at 247; Reina, 940 S.W.2d at 773. We
review the entire record, the evidence, and all reasonable inferences therefrom, in assessing the
sufficiency of the evidence. See Teer v. State, 923 S.W.2d 11, 17 (Tex. Crim. App. 1996). 

Did the evidence show the "gun" was a firearm?

 Appellant argues that the complainant's testimony that appellant held a "gun" to
her head is insufficient to support a finding that appellant used a firearm in committing the
offenses. He notes that the complainant never referred to the gun as a "firearm," "pistol," or
"handgun," and he contends that she was unable to describe the weapon. Appellant argues that
the complainant's testimony "establishes no more than the possibility that the gun being used
against her might [have been] a deadly weapon." We disagree.

 Use of a "deadly weapon" is a necessary element of the aggravated kidnapping and
aggravated sexual assault charges brought against appellant. See Tex. Penal Code Ann.
§§ 20.04(b), 22.021(a)(2)(A). When the State alleges in an indictment an unnecessary fact
descriptive of an essential element of the offense, it must prove that descriptive fact; in other
words, when the State alleges that the deadly weapon used by a defendant was a firearm, the State
must prove the use of a firearm beyond a reasonable doubt. See Gomez v. State, 685 S.W.2d 333,
336 (Tex. Crim. App. 1985). "Gun" may have a broader meaning than does "firearm," and may
include non-lethal instruments such as B.B. guns or blow guns. See O'Briant v. State, 556
S.W.2d 333, 336 (Tex. Crim. App. 1977); Arthur v. State, 11 S.W.3d 386, 389 (Tex.
App.--Houston [14th Dist.] 2000, pet. ref'd).

 The complainant testified that appellant held the gun to her head and forced it into
her mouth. She identified a Beretta-brand handgun as a demonstrative exhibit, saying it looking
like the gun with which appellant threatened her. Finally, the complainant testified that appellant
threatened her with the gun, suggesting that it was a firearm and not merely a non-lethal type of
gun. See Benavides v. State, 763 S.W.2d 587, 589 (Tex. App.--Corpus Christi 1988, pet. ref'd). 
The jury, as the trier of fact, could rationally have concluded beyond a reasonable doubt that
appellant used a firearm as alleged in the indictments. See Carter v. State, 946 S.W.2d 507, 510-11 (Tex. App.--Houston [14th Dist.] 1997, pet. ref'd) (rejecting contention that "gun" was not
proven to be "firearm"); Benavides, 763 S.W.2d at 589 ("Absent any specific indication to the
contrary at trial, the jury should be able to make the reasonable inference, from the victim's
testimony that a 'gun' was used in the commission of a crime, that the gun was a firearm."); see
also Wright v. State, 591 S.W.2d 458, 459 (Tex. Crim. App. 1979) ("Testimony using any of the
terms 'gun,' 'pistol' or 'revolver' is sufficient to authorize the jury to find that a deadly weapon
was used."); Arthur, 11 S.W.3d at 389 (testimony that defendant used "black, large . . .
automatic" "gun," that demonstrative firearm resembled gun, and that defendant threatened victim
with gun held sufficient).

 We overrule appellant's first and second issues on appeal in both cause numbers.


Did appellant intend to commit sexual assault when he abducted the complainant?

 In cause number 03-00-00042, appellant further contends that the evidence is
legally and factually insufficient to prove he intended to sexually assault the complainant at the
time he abducted her. We disagree.

 Proof of intent generally relies on circumstantial evidence. See Steinbach v. State,
979 S.W.2d 836, 842 (Tex. App.--Austin 1998, pet. ref'd). Intent may be inferred from the
circumstances and from the defendant's words and conduct. See Maldonado v. State, 998 S.W.2d
239, 243 (Tex. Crim. App. 1999); Steinbach, 979 S.W.2d at 842. Whether evidence establishes
the required intent is a question of fact for the jury. See Maldonado, 998 S.W.2d at 243; Cruz
v. State, 838 S.W.2d 682, 684 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd). 

 The evidence shows appellant told the complainant he would have a "surprise" for
her when she got off work on the night of the attack. He accosted her, forced her into a car,
blocked her vision by holding her face to the seat, and drove her to a motel. Along the way, he
stopped to buy a camera that he used to photograph her when she undressed. The evidence
supports the inference that appellant intended to assault the complainant when he forced her into
the car outside of her workplace. We will not second-guess the jury's determination of appellant's
intent. We overrule appellant's third and fourth issues in cause number 03-00-00042.

 Having overruled appellant's four issues in cause number 03-00-00042 and two
issues in cause number 03-00-00043, we affirm the district court's judgments of conviction.




 _____________________________________________

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed on Both Causes

Filed: August 31, 2000

Do Not Publish
1. Carmen Moreno is not related to appellant. In this opinion we will refer to Carmen Moreno
as "Moreno," and to Robert Moreno as "appellant."



, 685 S.W.2d 333,
336 (Tex. Crim. App. 1985). "Gun" may have a broader meaning than does "firearm," and may
include non-lethal instruments such as B.B. guns or blow guns. See O'Briant v. State, 556
S.W.2d 333, 336 (Tex. Crim. App. 1977); Arthur v. State, 11 S.W.3d 386, 389 (Tex.
App.--Houston [14th Dist.] 2000, pet. ref'd).

 The complainant testified that appellant held the gun to her head and forced it into
her mouth. She identified a Beretta-brand handgun as a demonstrative exhibit, saying it looking
like the gun with which appellant threatened her. Finally, the complainant testified that appellant
threatened her with the gun, suggesting that it was a firearm and not merely a non-lethal type of
gun. See Benavides v. State, 763 S.W.2d 587, 589 (Tex. App.--Corpus Christi 1988, pet. ref'd). 
The jury, as the trier of fact, could rationally have concluded beyond a reasonable doubt that
appellant used a firearm as alleged in the indictments. See Carter v. State, 946 S.W.2d 507, 510-11 (Tex. App.--Houston [14th Dist.] 1997, pet. ref'd) (rejecting contention that "gun" was not
proven to be "firearm"); Benavides, 763 S.W.2d at 589 ("Absent any specific indication to the
contrary at trial, the jury should be able to make the reasonable inference, from the victim's
testimony that a 'gun' was used in the commission of a crime, that the gun was a firearm."); see
also Wright v. State, 591 S.W.2d 458, 459 (Tex. Crim. App. 1979) ("Testimony using any of the
terms 'gun,' 'pistol' or 'revolver' is sufficient to authorize the jury to find that a deadly weapon
was used."); Arthur, 11 S.W.3d at 389 (testimony that defendant used "black, large . . .
automatic" "gun," that demonstrative firearm resembled gun, and that defendant threatened victim
with gun held sufficient).

 We overrule appellant's first and second issues on appeal in both cause numbers.


Did appellant intend to commit sexual assault when he abducted the complainant?

 In cause number 03-00-00042, appellant further contends that the evidence is
legally and factually insufficient to prove he intended to sexually assault the complainant at the
time he abducted her. We disagree.

 Proof of intent generally relies on circumstantial evidence. See Steinbach v. State,
979 S.W.2d 836, 842 (Tex. App.--Austin 1998, pet. ref'd). Intent may be inferred from the
circumstances and from the defendant's words and conduct. See Maldonado v. State, 998 S.W.2d
239, 243 (Tex. Crim. App. 1999); Steinbach, 979 S.W.2d at 842. Whether evidence establishes
the required intent is a question of fact for the jury. See Maldonado, 998 S.W.2d at 243; Cruz
v. State, 838 S.W.2d 682, 684 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd). 

 The evidence shows appellant told the complainant he would have a "surprise" for
her when she got off work on the night of the attack. He accosted her, forced her into a car,
blocked her vision by holding her face to the seat, and drove her to a motel. Along the way, he
stopped to buy a camera that he used to photograph her when she undressed. The evidence
supports the inference that appellant intended to assault the complainant when he forced her into
the car outside of her workplace. We will not second-guess the jury's determination of appellant's
intent. We overrule appellant's third and fourth issues in cause number 03-00-00042.

 Having overruled appellant's four issues in cause number 03-00-00042 and two
issues in cause number 03-00-00043, we affirm the district court's judgments of conviction.




 _____________________________________________

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed on Both Causes

Filed: August 31, 2000

Do Not Publish
1. Carmen Moreno is not related to appellant. In this opinion we will refer to Carmen Moreno
as "Moreno," and to Robert Moreno as "appellant."