COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-092-CR
 
PHILLIP E. TIPTON   
                                                                    APPELLANT
V.
THE STATE OF TEXAS                                                                        STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Appellant Phillip E. Tipton appeals his
conviction for aggravated sexual assault of a child under the age of fourteen
years. Appellant entered an open plea of guilty to the offense, and the trial
court assessed Appellant's punishment at 40 years' confinement. In two points on
appeal, Appellant contends his plea of guilty was involuntary because his
counsel was ineffective, and the trial court abused its discretion in assessing
40 years' confinement. (2) We affirm.
Background
In three separate counts, the indictment
alleged Appellant engaged in aggravated sexual conduct with his step-daughter,
C.F., who was eight years old at the time of the charged conduct. On February 4,
2002, Appellant pleaded guilty to all three counts and judicially confessed to
having had genital-to-genital contact with C.F., having made her sexual organ
contact his mouth, and having contacted her mouth with his own sexual organ.
This activity continued for approximately a one-year period. The court
determined there was sufficient evidence to find Appellant guilty, but deferred
the finding until a pre-sentence investigation report could be completed.
On March 11, 2002, the court held a
punishment hearing at which the court stated it had reviewed the pre-sentence
investigation report, and with Appellant's permission had viewed the videotape
of an interview between C.F. and a social worker from Child Protective Services.
Appellant and two witnesses testified on his behalf. Appellant accepted
resonsibility for his conduct and claimed remorse; he requested the court give
him a probated sentence. The court found Appellant guilty of count one,
aggravated sexual conduct with C.F., a child younger than fourteen years of age,
by genital-to-genital contact, and sentenced him to forty years' confinement.
Voluntariness Of Guilty
Plea
In his first point, Appellant contends he
was not properly advised by his attorney regarding the seriousness of this
offense and the unlikelihood that the trial court would grant him deferred
adjudication community supervision. Appellant claims that as a result he
received ineffective assistance of counsel and his guilty plea was involuntary.
We apply a two-pronged test to ineffective
assistance of counsel claims. Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999). First, Appellant must show that his counsel's
performance was deficient; second, Appellant must show the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064.
In evaluating the effectiveness of counsel
under the first prong, we look to the totality of the representation and the
particular circumstances of each case. Thompson, 9 S.W.3d at 813. The
issue is whether counsel's assistance was reasonable under all the circumstances
and prevailing professional norms at the time of the alleged error. Strickland,
466 U.S. at 688-89, 104 S. Ct. at 2065. "[C]ounsel is strongly presumed to
have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment." Id. at 690, 104 S.
Ct. at 2066. An allegation of ineffective assistance must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny of counsel's
performance must be highly deferential, and every effort must be made to
eliminate the distorting effects of hindsight. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065.
The second prong of Strickland
requires a showing that counsel's errors were so serious that they deprived the
defendant of a fair trial, i.e., a trial whose result is reliable. Id. at
687, 104 S. Ct. at 2064. In other words, Appellant must show there is a
reasonable probability that, but for counsel's unprofessional errors, the result
of the proceeding would have been different. Id. at 694, 104 S. Ct. at
2068. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id. The ultimate focus of our inquiry must
be on the fundamental fairness of the proceeding whose result is being
challenged. Id. at 697, 104 S. Ct. at 2070.
In considering the voluntariness of a
guilty plea, the court should examine the record as a whole. Martinez v.
State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). When the record shows
the trial court properly admonished the defendant as to the consequences of his
plea, the record presents a prima facie showing the defendant entered a knowing
and voluntary plea. Id. The burden then shifts to the defendant to show
the plea was not voluntary. Id. An appellant must show that but for his
counsel's alleged deficient performance, he would not have pleaded guilty, but
would have insisted upon going to trial. Kober v. State, 988 S.W.2d
230, 232 (Tex. Crim. App. 1999). In applying this standard, this court must make
a threshold determination that counsel erroneously advised Appellant. See
Fimberg v. State, 922 S.W.2d 205, 208 (Tex. App.--Houston [1st
Dist.] 1996, pet. ref'd).
At the plea hearing, Appellant
acknowledged he was pleading guilty freely and voluntarily and that he had
signed a court document that recites he and his attorney agree to an open plea,
and that the penalty range is five to ninety-nine years to life, and a fine up
to $10,000. He said his attorney explained to him what the plea admonishments
are in a sexual abuse case. Appellant further testified that no one had promised
him anything to convince him to plead guilty, and he understood that the
punishment assessed was totally within the trial court's discretion.
Appellant filed a motion for new trial
which did not raise any ground regarding the voluntariness of his plea or any
claim that counsel was ineffective.
We conclude the record as a whole presents
a prima facie showing that Appellant entered a knowing and voluntary guilty
plea. Appellant's after-the-fact assertions in his appellate brief are not
sufficient to rebut this prima facie showing of the voluntariness of his plea,
or to show that his counsel was ineffective. Appellant's first point is
overruled.
Excessive Punishment
In his second point, Appellant asserts the
trial court abused its discretion in assessing Appellant's punishment at forty
years' confinement when he had testified he accepted responsibility for his
crime and he was willing to participate in sex offender counseling to overcome
his problems. As a general rule, an appellant may not assert error pertaining to
his sentence or punishment where he failed to object or otherwise raise such
error in the trial court. Mercado v. State, 718 S.W.2d 291, 296 (Tex.
Crim. App. 1986). Appellant failed to raise this issue at the punishment hearing
or in his motion for new trial. Therefore, nothing is presented for review. See
Tex. R. App. P. 33.1(a)(1); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.
App.--Amarillo 1996, pet. ref'd); Cruz v. State, 838 S.W.2d 682, 687
(Tex. App.--Houston [14th Dist.] 1992, pet. ref'd). Appellant's
second point is overruled.
Conclusion
Having overruled both of Appellant's
points, we affirm the judgment of the trial court.
 
  
                                                                    PER
CURIAM
 
PANEL F: HOLMAN, J.; CAYCE, C.J.; and
WALKER, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.
2. Under the Helms rule, a knowing and voluntary
plea of guilty entered without the benefit of a plea bargain waives all
nonjurisdictional defects occurring before the plea only if the judgment is
independent of and not supported by the alleged error on appeal. See Young
v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Helms v. State,
484 S.W.2d 925, 927 (Tex. Crim. App. 1972). By entering his non-negotiated plea,
Appellant has not waived his right to challenge the voluntariness of the plea or
the amount of punishment assessed after he entered his plea.