tipton v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-092-CR

PHILLIP E. TIPTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Phillip E. Tipton appeals his conviction for aggravated sexual assault of a child under the age of fourteen years.  Appellant entered an open plea of guilty to the offense, and the trial court assessed Appellant’s punishment at 40 years’ confinement.  In two points on appeal, Appellant contends his plea of guilty was involuntary because his counsel was ineffective, and the trial court abused its discretion in assessing 40 years’ confinement.
(footnote: 2)  We affirm.

Background

In three separate counts, the indictment alleged Appellant engaged in aggravated sexual conduct with his step-daughter, C.F., who was eight years old at the time of the charged conduct.  On February 4, 2002, Appellant pleaded guilty to all three counts and judicially confessed to having had genital-to-genital contact with C.F., having made her sexual organ contact his mouth, and having contacted her mouth with his own sexual organ.  This activity continued for approximately a one-year period.  The court determined there was sufficient evidence to find Appellant guilty, but deferred the finding until a pre-sentence investigation report could be completed. 

 On March 11, 2002, the court held a punishment hearing at which the court stated it had reviewed the pre-sentence investigation report, and with Appellant’s permission had viewed the videotape of an interview between C.F. and a social worker from Child Protective Services.  Appellant and two witnesses testified on his behalf.  Appellant accepted resonsibility for his conduct and claimed remorse; he requested the court give him a probated sentence.  The court found Appellant guilty of count one, aggravated sexual conduct with C.F., a child younger than fourteen years of age, by genital-to-genital contact, and sentenced him to forty years’ confinement.

Voluntariness Of Guilty Plea
 

In his first point, Appellant contends he was not properly advised by his attorney regarding the seriousness of this offense and the unlikelihood that the trial court would grant him deferred adjudication community supervision.  Appellant claims that as a result he received ineffective assistance of counsel and his guilty plea was involuntary. 

We apply a 
two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, 
Appellant must show that his counsel's performance was deficient; second, Appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. 
at 688-89, 104 S. Ct. at 2065.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.
 
 Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065
.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id. 
at 687, 104 S. Ct. at 2064
.  In other words, Appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068
.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

In considering the voluntariness of a guilty plea, the court should examine the record as a whole.  
Martinez v. State
, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  When the record shows the trial court properly admonished the defendant as to the consequences of his plea, the record presents a prima facie showing the defendant entered a knowing and voluntary plea.  
Id.
  The burden then shifts to the defendant to show the plea was not voluntary.  
Id.
  An appellant must show that but for his counsel’s alleged deficient performance, he would not have pleaded guilty, but would have insisted upon going to trial.  
Kober v. State
, 988 S.W.2d 230, 232 (Tex. Crim. App. 1999).  In applying this standard, this court must make a threshold determination that counsel erroneously advised Appellant.  
See Fimberg v. State
,
 922 S.W.2d 205, 208 (Tex. App.—Houston [1
st
 Dist.] 1996, pet. ref’d).

At the plea hearing, Appellant acknowledged
 he was pleading guilty freely and voluntarily and that he had signed a court document that recites he and his attorney agree to an open plea, and that the penalty range is five to ninety-nine years to life, and a fine up to $10,000.  He said his attorney explained to him what the plea admonishments are in a sexual abuse case. Appellant further testified that no one had promised him anything to convince him to plead guilty, and he understood that the punishment assessed was totally within the trial court’s discretion.

Appellant filed a motion for new trial which did not raise any ground regarding the voluntariness of his plea or any claim that counsel was ineffective.

We conclude the record as a whole presents a prima facie showing that Appellant entered a knowing and voluntary guilty plea.  Appellant’s 
after-the-fact assertions in his appellate brief are not sufficient to rebut this prima facie showing of the voluntariness of his plea, or to show that his counsel was ineffective.  Appellant’s first point is overruled. 

Excessive Punishment

In his second point, Appellant asserts the trial court abused its discretion in assessing Appellant’s punishment at forty years’ confinement when he had testified he accepted responsibility for his crime and he was willing to participate in sex offender counseling to overcome his problems.  As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court.  
Mercado v. State
, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986).
  
Appellant  failed to raise this issue at the punishment hearing or in his motion for new trial. Therefore, nothing is presented for review. 
See
 
Tex. R. App. P.
 33.1(a)(1); 
Rodriguez v. State
, 917 S.W.2d 90, 92 (Tex. App.—Amarillo 1996, pet. ref’d); 
Cruz v. State
, 838 S.W.2d 682, 687 (Tex. App.—Houston [14
th
 Dist.] 1992, pet. ref’d).  Appellant’s second point is overruled.

Conclusion
 

Having overruled both of Appellant’s points, we affirm the judgment of the trial court.

PER CURIAM

PANEL F: HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: March 27, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Under the 
Helms
 rule, a knowing and voluntary plea of guilty entered without the benefit of a plea bargain waives all nonjurisdictional defects occurring before the plea only if the judgment is independent of and not supported by the alleged error on appeal.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Helms v. State
, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972).  By entering his non-negotiated plea, Appellant has not waived his right to challenge the voluntariness of the plea or the amount of punishment assessed after he entered his plea.