Affirmed and Memorandum Opinion filed April 6, 2006









Affirmed
and Memorandum Opinion filed April 6, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01093-CR

____________

 

ROMAN FUSILIER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1236639

 



 

M E M O R A N D U M   O P I N I O N

Appellant Roman Fusilier was convicted of
possession of marijuana, pleaded true to one enhancement paragraph for a
previous conviction for marijuana possession, and was sentenced to two years= probation and a
$1,000 fine.  In five points of error,
appellant claims that the trial court erred in quashing a subpoena and refusing
to rule on several motions and that he received ineffective assistance of
counsel.  We affirm.

                                                              








                                                  Background

Deputy Rex Evans
of the Harris County Sheriff=s Department
pulled appellant=s car over after observing appellant fail
to come to a complete stop at two stop signs. 
When Deputy Evans approached the driver=s side window of
appellant=s car, he smelled what he believed to be
the odor of marijuana coming from the car. 
Deputy Evans arrested appellant, searched appellant and his car, and
recovered bags of marijuana inside the car and inside appellant=s shoe.

About a week before trial, the trial court
appointed new counsel for appellant. 
Second counsel issued a subpoena for Deputy Evans=s disciplinary
records.  The State filed a motion to
quash the subpoena, which the trial court granted.  The jury convicted appellant of marijuana
possession, and this appeal followed.

                                                      Analysis

In his first point of error, appellant
asserts that the trial court erred in quashing his subpoena for Deputy Evans=s disciplinary
records.  Appellant asserts that he Ahas information
that the deputy in question has a reputation in law-enforcement circles as an
over-zealous officer that regularly engages in racial profiling.@  Thus, according to appellant, disciplinary
records proving this allegation would have supported his trial theory that
Deputy Evans stopped him because appellant is African-American and that Deputy
Evans planted the drugs.  Appellant
claims he was entitled to this evidence under Brady v. Maryland, 373
U.S. 83 (1963).








A criminal defendant has no general right
to discovery of evidence in the State=s possession.  Cruz v. State, 838 S.W.2d 682, 685 (Tex. App.CHouston [14th Dist.] 1992, pet. ref=d).  Rather, decisions about pretrial discovery of
evidence are generally within the trial court=s discretion.  Id. 
However, under Brady, the prosecution must disclose material
evidence that is favorable to the defendant. 
See Brady, 373 U.S. at 87; Cruz, 838 S.W.2d at 685.  To establish a Brady violation, the
defendant must present evidence that (1) the prosecution suppressed or withheld
evidence, (2) this evidence would have been favorable to the defendant, and (3)
this evidence would have been material.  Cruz,
838 S.W.2d at 685.

Appellant presented no evidence that any
such disciplinary records showing racial profiling exist, much less that they
would be favorable and material. 
Appellant also has no evidence of his Ainformation@ that Deputy Evans
Aregularly engages
in racial profiling.@  In
lieu of providing evidence, appellant speculates that the information in Deputy
Evans=s file must have
been favorable to him or the State would not have filed a motion to quash.  AWe will not order
the State to produce information under Brady based merely on Appellant=s speculation that
the requested information contained exculpatory evidence.@  Page v. State, 7 S.W.3d 202, 206 (Tex. App.CFort Worth 1999, pet. ref=d); accord Michaelwicz
v. State, No. 03-04-00019-CR, __ S.W.3d __, 2006 WL 263579, at *10 (Tex. App.CAustin Feb. 2, 2006, no pet. h.).  We overrule appellant=s first point of
error.

In his second, third, and fourth points of
error, appellant claims his that his second attorney provided ineffective
assistance of counsel.  Ineffective
assistance claims are governed by the two-part test announced in Strickland
v. Washington, 466 U.S. 668 (1984). 
To prove ineffective assistance, the appellant must show (1) that trial
counsel=s representation
was deficient, falling below the standard of prevailing professional norms, and
(2) a reasonable probability that the result of the proceeding would have been
different but for trial counsel=s deficient
performance.  Id. at 687B96; Salinas v.
State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).








Appellant claims counsel was ineffective
because she failed to issue a proper subpoena for Deputy Evans=s disciplinary
records.  We have already concluded that
appellant made no showing that he was entitled to these records; thus, whether
counsel made technical errors in the subpoena process is irrelevant.  Appellant further complains that counsel
should have moved for in camera inspection of the records.  To succeed on an ineffective assistance claim
based on failure to file a motion, the appellant must prove, as an initial
matter, that the motion would have been successful.  See Akin v. State, 981 S.W.2d 297, 301
(Tex. App.CTexarkana 1998, no pet.); see
also Melancon v. State, 66 S.W.3d 375, 379 n.5 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).  Because appellant presented no evidence that
he was entitled to Deputy Evans=s disciplinary
records, he cannot show that the trial court would have granted a motion for in
camera inspection.  See Pennsylvania
v. Ritchie, 480 U.S. 39, 58 n.15 (1987); Ransonette v. State, 550
S.W.2d 36, 40 (Tex. Crim. App. 1976). 
Finally, appellant asserts that counsel was ineffective because she did
not introduce other evidence of Deputy Evans=s bias or evidence
of the racial composition of the neighborhood in which he was stopped.  Appellant offers no proof that evidence of
Deputy Evans=s alleged bias even exists, nor does he demonstrate
the neighborhood=s racial composition or how it would have
helped his case.  A[S]ince appellant
does not explain what . . . evidence his trial counsel should have proffered,
we cannot possibly find that a failure to proffer such evidence constituted
ineffective assistance.@  Narvaiz
v. State, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992); see also McCain v. State,
995 S.W.2d 229, 246 (Tex.
App.CHouston [14th Dist.] 1999, pet.
denied, untimely filed) (finding no ineffective assistance based on failure to
subpoena jail records when court lacked evidence of what records would have
shown and thus could not determine if records were helpful).  Appellant has not proven that his counsel was
ineffective, and we overrule his second, third, and fourth points of error.








In his fifth point of error, appellant
complains that the trial court should have ruled on a series of pretrial
motions filed by his first counsel. 
Appellant does not discuss whether these motions were meritorious or
whether granting them would have helped his case.  Rather, he claims the trial court=s refusal to rule
on them deprived him of due process. 
Even assuming appellant=s motions had
merit, appellant fails to show he presented these motions to the trial
court.  A motion must be presented to the
trial court to preserve a complaint for appellate review, and presentment means
more than mere filing.  Guevara v.
State, 985 S.W.2d 590, 592 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d).  The movant must make the trial judge aware of
the motion by calling the court=s attention to it
and requesting a ruling.  Id.  Appellant asserts in his brief that his
second counsel Adid in fact seek a ruling,@ but he offers no
record citation for this proposition, and we can find nothing in the record that
supports this assertion.  The trial judge
specifically noted in a pretrial hearing that he was not ruling on the motions
because they had not been presented, and appellant=s counsel did not
dispute the trial judge=s comment or request a ruling.  Because appellant has not shown that his
motions were presented to the trial court, we overrule his fifth point of
error.

Having overruled appellant=s points of error,[1]
we affirm the trial court=s judgment.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 6, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  In addition to
his five points of error, appellant lists three Aissues@ at the beginning of his brief.  However, because appellant neither discusses
these issues again nor provides any clear arguments or citations to authority
supporting them, he has waived these issues on appeal.  See Tex.
R. App. P. 38.1(h).