Affirmed and Memorandum Opinion filed October 26, 2010.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00264-CR

NO. 14-09-00265-CR



 

Jeremiah Cordell Mosley, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause Nos. 1159737,
1162624



 

MEMORANDUM OPINION

 

Appellant Jeremiah Cordell Mosley pleaded guilty to two
felony charges of aggravated robbery.  The trial court sentenced him to twenty-five
years’ confinement in the Institutional Division of the Texas Department of
Criminal Justice in each cause, and ordered that his sentences run concurrently. 
On appeal, he argues the court erred in assessing sentences disproportionate to
the crimes.  We affirm.

I.                  
Background

Between March 24 and 26 of 2008, appellant committed
armed robberies of four retail stores.  He was apprehended and charged with two
felony counts of aggravated robbery, and he pleaded guilty to both charges.[1]

On March 12, 2009, the court held a pre-sentencing
hearing.  The State called no witnesses and relied solely on the pre-sentence investigation
report.  The defense called appellant as its only witness.  

Appellant testified that prior to the robberies his
father had forced him to leave home and move in with a relative.  He began
spending time with the “wrong crowd,” began using Xanax, and was under the
influence of Xanax when he committed the robberies.  He also pointed out that
he had enlisted in the Army prior to the robberies, was preparing to report to
basic training, and otherwise was trying to get his life in order.

On cross-examination, appellant admitted that he had
planned the robberies before he began taking Xanax.  In fact, he secured a gun
from a friend and planned the robberies several days in advance.  He fired the
gun during one robbery and used it to pistol-whip a store employee during
another.  He also acknowledged that he was thinking clearly during the
robberies and, during one robbery, had the presence of mind to identify the
location of the security cameras and disable them.  Appellant further admitted
to a prior conviction for criminal trespass.  

After hearing the testimony, the court sentenced
appellant to twenty-five years’ confinement for each count, and ordered appellant
to serve his sentences concurrently.  On appeal, appellant contends that the
court erred in assessing sentences disproportionate to the crimes in violation
of the Eighth Amendment to the United States Constitution and article I,
section 13 of the Texas Constitution.  Specifically, appellant argues the
sentences are grossly disproportionate because he (1) has no prior felony record;
(2) was under the influence of Xanax when he committed the offenses; (3) did
not shoot anyone while committing the offenses; (4) did not deny guilt; and (5)
was the product of a dysfunctional household.

                                                             II.    
Discussion

A.   Standard of Review

A criminal sentence must be proportionate to the
crime for which the defendant has been convicted.  Solem v. Helm, 463
U.S. 277, 290 (1983); Harris v. State, 204 S.W.3d 19, 29 (Tex.
App.—Houston [14th Dist.] 2006, pet. ref’d) (Eighth Amendment forbids only
extreme sentences that are grossly disproportionate to the crime).  In Solem,
the United States Supreme Court stated that a proportionality analysis is to be
guided by the following factors: (1) the gravity of the offense and the
severity of the penalty; (2) the sentences imposed on other criminals in the
same jurisdiction; and (3) the sentences imposed for commissions of the same
crime in other jurisdictions.  Solem, 463 U.S. at 290-91.  The first
factor is a threshold factor.  Hicks v. State, 15 S.W.3d 626, 632 (Tex.
App.—Houston [14th Dist.] 2000, pet. ref’d) (citing Harmelin v. Michigan,
501 U.S. 957 (1991) and noting that Harmelin refined Solem). 
Thus, a reviewing court considers the second and third factors only if it concludes
the severity of the penalty is disproportionate to the offense.  Id. 

B.   Preservation of
Error

Before we reach that analysis, however, we note
appellant did not raise this objection in the trial court.  It is well-settled
that a defendant waives the right to appeal his sentence when, as here, he
fails to preserve error by not objecting to the sentence at trial or in a
post-trial motion.  See Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim.
App. 1995); Solis v. State, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st
Dist.] 1997, pet. ref’d); Cruz v. State, 838 S.W.2d 682, 687 (Tex.
App.—Houston [14th Dist.] 1992, pet. ref’d).  Because appellant raises this
issue for the first time on appeal, he has not preserved error for our review. 
See Curry, 910 S.W.2d at 497.

Even so, we note appellant has not shown that twenty-five
years’ confinement is grossly disproportionate in light of his criminal record,
the number of offenses he committed, and the punishment range prescribed by
statute for aggravated robbery, which is life or five to ninety-nine years’
confinement.  Tex. Penal Code Ann. § 29.03 (Vernon 2003), § 12.32 (Vernon Supp.
2009); Solem, 463 U.S. at 291; see also Baldridge v. State, 77
S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (“It has long
been recognized that if the punishment assessed is within the range of
punishment established by the Legislature under its constitutional authority,
there is no violation of the state constitutional provisions against cruel and
unusual punishment.”).  

                                                             III.    
Conclusion

Accordingly, even if appellant had preserved error, we
could not conclude the court erred in sentencing appellant to twenty-five
years’ confinement for each of the convictions.  Therefore, we overrule
appellant’s sole issue and affirm the judgments.

 

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

 

Panel consists of Justices Frost,
Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1]
Appellant also admitted to the facts of all four robberies.