No. 04-98-00920-CR



Tony ARROYO,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No. 6, Bexar County, Texas


Trial Court No. 692097


Honorable Ray Adams, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Alma L. López, Justice


Delivered and Filed: July 25, 2001


AFFIRMED

 This appeal is on remand from the Court of Criminal Appeals. Tony Arroyo ("Arroyo") is
appealing his conviction of assault. We originally reversed the trial court's judgment and remanded
the cause for a new trial because the jury charge did not include the instruction mandated by Geesa
v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). See Arroyo v. State, 9 S.W.3d 330 (Tex.
App.--San Antonio 1999), vacated, 32 S.W.3d 868 (Tex. Crim. App. 2000). The Court of Criminal
Appeals vacated our decision, stating, "At the time the Court of Appeals decided this case, it did not
have the benefit of our opinion in Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000), which
overruled that portion of Geesa that required the jury instruction on the definition of reasonable
doubt." Arroyo, 32 S.W.3d at 868. The Court of Criminal Appeals remanded the appeal to this court
"for reconsideration in light of Paulson and for consideration of [Arroyo's] remaining points of
error." Id. The parties filed new briefs on remand. Apparently recognizing that Paulson eliminated
the issue regarding the reasonable doubt instruction, Arroyo did not raise the issue in his brief on
remand. In view of the holding in Paulson, we agree that the trial court did not err in refusing to
submit Arroyo's request for two additional sentences in the reasonable doubt instruction. Arroyo
raises eleven points of error on remand, contending the trial court erred by: (1) denying his motion
to set aside the information; (2) allowing an officer to testify to hearsay statements made by the
complainant; (3) refusing to allow Arroyo to impeach the complainant; and (4) failing to instruct the
jury on self-defense. We overrule each of these points of error and affirm the trial court's judgment.

Information


 In his first three points of error, Arroyo contends that the information was defective because
it failed to allege with reasonable certainty the act or acts relied upon to constitute "recklessness" in
violation of article 21.15 of the Texas Code of Criminal Procedure and the United States and Texas
Constitutions.

 The information alleged:

 on or about the 29TH day of JANUARY, A.D., 1998, TONY ARROYO, hereinafter
referred to as defendant, did then and there intentionally, knowingly and recklessly
cause bodily injury to another, namely: PATRICIA BIVENS, hereinafter referred to
as complainant, by STRIKING THE SAID COMPLAINANT WITH THE HEAD OF
THE SAID DEFENDANT.


 "When the State charges a defendant with acting recklessly in the commission of an offense,
the indictment must allege with reasonable certainty the act or acts relied upon to constitute
recklessness." State v. Vasquez, 34 S.W.3d 332, 334 (Tex. App.--San Antonio 2000, no pet.). In
this case, the information specified Arroyo's reckless act as striking the complainant with his head.
The information adequately informs Arroyo of the act the State relies upon to constitute recklessness,
namely striking the complainant with his head. See State v. Emanuel, 873 S.W.2d 108, 109 (Tex.
App.--Dallas 1994, no pet.); Cruz v. State, 838 S.W.2d 682, 684 (Tex. App.--Houston [14th Dist.]
1992, pet ref'd). Arroyo's first three points of error are overruled.

Hearsay


 In his fourth, fifth, ninth, and tenth points of error, Arroyo complains that the trial court
erroneously permitted Officer William Stroud, Jr. to testify regarding hearsay statements. Arroyo
complains that the statements were inadmissible hearsay and violated his right to confrontation.

 A trial court's decision to admit hearsay evidence is reviewed under an abuse of discretion
standard. Coffin v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994). We will not reverse the trial
court's ruling as long as it is within the "zone of reasonable disagreement." Moon v. State, 44
S.W.3d 589, 593 (Tex. App.--Fort Worth 2001, pet. ref'd).

 Excited utterances are admissible as an exception to the hearsay rule. Tex. R. Evid. 803(2).
An excited utterance is "[a] statement relating to a startling event or condition made while the
declarant was under the stress of excitement caused by the event or condition." Id. "To determine
whether a statement qualifies as an excited utterance, (1) the statement must be the product of a
startling occurrence, (2) the declarant must have been dominated by the emotion, excitement, fear,
or pain of the occurrence, and (3) the statement must be related to the circumstances of the startling
occurrence." Moon, 44 S.W.3d at 593-94. "Other factors to consider are whether the statements
are spontaneous or responses to questions and how much time has elapsed between the startling event
and the statement." Id. at 594.

 The trial court permitted Officer Stroud to testify regarding the events related to him by the
complainant at the time of his investigation. Officer Stroud testified that he was dispatched to the
complainant's home at 6:47 a.m. in response to a reported assault. Officer Stroud arrived at the
complainant's home at 6:48 a.m. The complainant was excited and scared, her voice was raised, and
she had a bump on her forehead which was causing her pain. The complainant told Officer Stroud
that she heard loud knocking on her door and opened the door when she could not see who was at
the door through the peephole. Arroyo forced his way into her home, argued with her, yelled at her,
and struck her on her head with his forehead, knocking her to the ground. Officer Stroud was unable
to locate Arroyo. The complainant asked Officer Stroud to wait until her children were on the school
bus and to patrol by her home because she was afraid Arroyo would return.

 At 10:53 a.m., Officer Stroud was again dispatched to the complainant's home in response
to a disturbance. When he arrived, the complainant was scared, excited, and angry. The complainant
told Officer Stroud that Arroyo had forced his way into her home again and threatened her. Although
Officer Stroud did not see any sign of forced entry, Officer Stroud stated that he did not examine the
door or go inside the complainant's home.

 Based on Officer Stroud's testimony, we conclude that the trial court did not abuse its
discretion in admitting the complainant's statements under the excited utterance exception to the
hearsay rule. Officer Stroud's testimony shows that the complainant made the statements while
dominated by her emotions, fear, and excitement from Arroyo forcing his way into her home and
assaulting or threatening her, and the statements were related to the startling occurrence of the forced
entry and the assault or threat. The United States Supreme Court has held that the admission of
hearsay statements under a firmly rooted hearsay exception does not violate the confrontation clause.
Lilly v. Virginia, 119 S. Ct. 1887, 1895 (1999). Arroyo's fourth, fifth, ninth and tenth points of error
are overruled.

Impeachment


 In his sixth, seventh, and eighth points of error, Arroyo contends that the trial court erred in
refusing his request to introduce evidence of the complainant's prior convictions to impeach the
hearsay statements introduced through Officer Stroud. The trial court excluded the judgments
because Arroyo failed to provide any evidence to identify the complainant as the person that was
convicted. "[T]he relevance of records showing a prior criminal conviction is conditioned upon the
introduction of evidence sufficient to support a finding that the [person against whom the conviction
is sought to be introduced] is the same person as the one previously convicted." Zimmer v. State, 989
S.W.2d 48, 51 (Tex. App.--San Antonio 1998, pet. ref'd). Identity can be proven in numerous ways,
including: (1) expert testimony matching the fingerprints on a certified copy of a judgment with the
fingerprints of the person against whom the judgment is sought to be introduced; (2) the testimony
of a witness who personally knows the person and the fact of his or her prior conviction; (3)
stipulations or the judicial admission of the person against whom the judgment is sought to be
introduced; (4) matching a photograph of the person in a penitentiary packet or other official record
to the person. In this case, Arroyo failed to offer any evidence to identify the complainant as the
person convicted in the judgments he sought to have introduced. Therefore, the trial court did not
err in excluding the evidence. Arroyo's sixth, seventh, and eighth points of error are overruled.

Self-Defense


 In his eleventh point of error, Arroyo contends the trial court erred in refusing his request for
a self-defense instruction in the jury charge. Arroyo had the initial burden of producing some
evidence to justify submission of a self-defense instruction. Kelley v. State, 968 S.W.2d 395, 399
(Tex. App.--Tyler 1998, no pet.). To be entitled to a self-defense instruction, Arroyo had to produce
evidence showing that he was justified in striking the complainant's head with his head because he
believed the force was immediately necessary to protect himself against the use or attempted use of
force by the complainant. See Tex. Pen. Code Ann. § 9.31 (Vernon Supp. 2001). Although there
was evidence that the complainant picked up a bed post to defend herself, the evidence showed that
the complainant did not move to strike Arroyo with the bed post. Furthermore, the evidence showed
that Arroyo had taken the bed post from the complainant and thrown it to the floor before he struck
her. Therefore, no evidence was introduced to show that Arroyo striking the complainant was
immediately necessary to protect himself, and the trial court did not err in denying Arroyo's request
for a self-defense instruction. Arroyo's eleventh point of error is overruled.

Conclusion


 The trial court's judgment is affirmed. 



 PHIL HARDBERGER, 

 CHIEF JUSTICE


DO NOT PUBLISH