**The STATE of Texas, Appellant,**

v.

**Michael EMANUEL, Appellee.**

No. 05–93–00953–CR.

Court of Appeals of Texas, Dallas.

March 3, 1994.

---

Richard Weaver, McKinney, for appellant.

Sharon Batjer, Dallas, for appellee.

Before McGARRY, C.J., and BURNETT and ROSENBERG, JJ.

**OPINION**

ROSENBERG, Justice.

The State of Texas appeals the trial court's order granting Michael Emanuel's motion to quash the indictment. The State contends that the trial court erred in entering the order because the indictment complies with article 21.15 of the Texas Code of Criminal Procedure. We agree. We reverse the trial court's order.

Before trial, Emanuel moved to quash the indictment. He alleged that the instrument did not comply with article 21.15 of the Texas Code of Criminal Procedure because it did not state with reasonable certainty the act the State relied upon to constitute recklessness. *See* TEX.CODE CRIM.PROC.ANN. art. 21.15 (Vernon 1989). The indictment, as amended, alleged that Emanuel did:

> unlawfully, then and there, recklessly cause bodily injury to another, namely: KATIE ANDERSON, hereinafter called complainant, by striking said complainant with a belt.

The trial court granted Emanuel's motion to quash.

In its only point of error, the State contends that the trial court erred in quashing the indictment. The State asserts that the indictment complies with article 21.15 because it alleges the precise act relied upon to constitute recklessness, namely striking the complainant with a belt. The State ar-

gues that requiring it to plead more would force it to plead evidentiary matters.

Emanuel maintains that the instrument does not give him sufficient notice of the wrongful conduct charged. He argues that the indictment does not allege how striking with a belt was done in a reckless manner.

■ Article I, section 10 of the Texas Constitution guarantees the accused the right to be informed of the "nature and cause of the accusations against him." TEX. CONST. art. I, § 10. When the State charges a defendant with acting recklessly in the commission of an offense, as was Emanuel, the indictment must allege with reasonable certainty the act or acts relied upon to constitute recklessness. TEX.CODE CRIM.PROC.ANN. art. 21.15 (Vernon 1989). The indictment is insufficient if it merely alleges that the accused acted recklessly in committing the offense. *Id.* As long as the indictment alleges the act relied upon to constitute recklessness with reasonable certainty so it informs the accused of the nature of the reckless act of which he or she is accused, the State need not plead additional evidentiary facts. *See id.; see also Daniels v. State,* 754 S.W.2d 214, 218 (Tex.Crim.App.1988).

Here, Emanuel maintains that the State must plead additional evidentiary facts. In support of his argument, Emanuel relies upon the court of criminal appeals' interpretation of article 25.15 of the code of criminal procedure in *Gengnagel v. State,* 748 S.W.2d 227 (Tex.Crim.App.1988).

*Gengnagel* is an indecent exposure case. Under the penal code, a person commits the offense of indecent exposure "if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, *and* he is reckless about whether another is present who will be offended or alarmed by his act." TEX.PENAL CODE ANN. § 21.08 (Vernon 1989) (emphasis added). The *Gengnagel* information alleged that the appellant:

> did then and there expose to Kenneth Gore, his genitals with intent to arouse and gratify the sexual desire of the defendant, and the said defendant did so recklessly and in conscious disregard of whether an-other person was present who would be offended and alarmed by such act, to-wit: exposition of his genitals by the defendant to complainant.

*Gengnagel,* 748 S.W.2d at 228. This information simply tracked the language of the statute. *See id.* In attempting to define how the appellant was reckless about whether another was present who would be offended or alarmed by his act, the information stated that the defendant exposed himself to the complainant. This definition is only a re-statement of the first element of the offense of indecent exposure. The information did not allege the act or acts relied upon to show appellant was reckless about whether another person was present who would be offended or alarmed by his exposure. *See* TEX. CODE CRIM.PROC.ANN. art. 21.15 (Vernon 1989). The court held that the information was insufficient to meet the requirements of article 21.15. *Gengnagel,* 748 S.W.2d at 230. The court appeared to indicate that the act or circumstances that should have been alleged were that the appellant exposed himself in a public park *after* seeing the complainant approach him. *Id.* at 230 n. 2. However, the information as presented did not "allege any act or circumstances [that] would show that this exposition was done in a reckless manner." *Id.* at 228.

In contrast, here, the State charged Emanuel with assault. A person commits the offense of assault if the person "intentionally, knowingly, or recklessly causes bodily injury to another." TEX.PENAL CODE ANN. § 22.-01(a)(1) (Vernon 1989). The indictment did not merely track the statutory language and allege that Emanuel recklessly caused bodily injury, as prohibited by article 21.15. *See* TEX.CODE CRIM.PROC.ANN. art. 21.15 (Vernon 1989). The indictment specified Emanuel's reckless act as hitting the complainant with a belt.

In *Cruz v. State,* 838 S.W.2d 682 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd), the court held a similar indictment sufficient under article 21.15. . In *Cruz,* the State charged the defendant with aggravated assault of a correctional officer. The indictment alleged that the defendant "did then and there knowingly, intentionally and reck-

lessly cause bodily injury to Jaqueline Gallo-way, by striking her with his body and causing her to fall to the floor...." *Id.* at 684. The court held that the indictment adequately informed the appellant of the acts constituting recklessness. *Id.*

We conclude that the indictment in this case is sufficient because it adequately informs Emanuel of the act the State relied upon to constitute recklessness, namely striking the complainant with a belt. *See id.; see also Daniels,* 754 S.W.2d at 218. Further pleading about how Emanuel hit the complainant with the belt or the seriousness of the contact would be evidentiary pleading beyond the requirements of article 21.15. *See Cruz,* 838 S.W.2d at 684. The trial court erred in entering an order quashing the indictment. We sustain the State's point of error.

We reverse the trial court's order quashing the indictment. We remand the case to the trial court for further proceedings.