**The STATE of Texas, Appellant,**

v.

**Jay Andrew YORK, Appellee.**

**Nos. 05–00–00239–CR, 05–00–00273–CR and 05–00–00380–CR.**

Court of Appeals of Texas, Dallas.

Nov. 7, 2000.

Alyson Dietrich, Asst. Dist. Atty., McKinney, for Appellant.

Alan K. Taggart, McKinney, for Appellee.

Before Justices MORRIS, ROACH, and FITZGERALD.

## OPINION

Opinion By Justice FITZGERALD.

The State of Texas appeals the trial court's orders granting Jay Andrew York's motions to quash three informations charging him with indecent exposure. *See* TEX. CODE CRIM.PROC.ANN. art. 44.01(a)(1) (Vernon Supp.2000). For reasons that follow, we reverse the trial court's orders and remand these causes to the trial court for further proceedings consistent with this opinion.

### BACKGROUND

The State filed three informations in the trial court charging York with the misdemeanor offense of indecent exposure. Each information alleged that on or about March 4, 1999, York did:

with intent to arouse and gratify the sexual desire of any person, intentionally and knowingly expose his penis, and [York] was reckless about whether an-

other was present who would be offended and alarmed by his act, namely: expose his penis while at a public park.[1]

In all three cases, York moved to quash the informations on two grounds: (1) the informations fail to state with particularity the manner in which any act alleged to have been committed by him was reckless; and (2) the informations fail to specify the name of any person who may or may not have been offended by his alleged conduct.

The trial court held a hearing on York's motions to quash. After hearing arguments from the parties, the trial court determined the charging instruments did not adequately allege circumstances which constitute recklessness and gave the State an opportunity to amend the informations. The State elected not to amend the charging instruments. The trial court signed orders granting York's motions to quash. These appeals followed.

### STANDARD OF REVIEW

An accused in a criminal case is guaranteed the right to demand the nature and cause of the action against him. *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex. Crim.App.1988); *Smith v. State*, 895 S.W.2d 449, 453 (Tex.App.—Dallas 1995, pet. ref'd). The charging instrument itself must convey adequate notice from which the accused may prepare his defense. *DeVaughn*, 749 S.W.2d at 67. In most circumstances, a charging instrument which tracks the language of a criminal statute possesses sufficient specificity to provide a defendant with notice of a charged offense and the State need not allege facts which are merely evidentiary in nature. *State v. Edmond*, 933 S.W.2d 120, 128 (Tex.Crim. App.1996); *DeVaughn*, 749 S.W.2d at 67. A motion to quash should be granted only where the language concerning the defen-

---

1. In its brief, the State asserts the informations were later amended to delete the words "intentionally and knowingly." Although the State filed motions seeking such an amendment, and the trial court signed orders granting the State's motions to amend, no physical changes were made to the informations. An order granting a motion to amend does not amend a charging instrument. *Riney v. State*, 28 S.W.3d 561, 565–66 (Tex.Crim.App. 2000). Under these circumstances, because no physical alterations were made to the charging instruments in these cases, they were not amended.

dant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed. *De-Vaughn*, 749 S.W.2d at 67; *Smith*, 895 S.W.2d at 453. In the face of a timely motion to quash, the information must allege on its face facts necessary to show the offense was committed, to bar a subsequent prosecution for the same offense, and to give the accused notice of the precise offense with which he is charged. *De-Vaughn*, 749 S.W.2d at 67; *Smith*, 895 S.W.2d at 453. We review the trial court's ruling on a motion to quash under an abuse of discretion standard. *Smith*, 895 S.W.2d at 453.

### DISCUSSION

In its single point of error, the State contends the trial court erred in granting York's motions to quash because (1) the informations alleged with sufficient particularity the acts relied upon to constitute recklessness, and (2) it was not required to name the persons to whom York is accused of exposing himself. We first address the State's contention that the informations sufficiently alleged recklessness.

When, as in these cases, recklessness is an element of the offense, to be sufficient, the charging instrument must allege with reasonable certainty the act or acts relied upon to constitute recklessness, and in no event shall it be sufficient to allege merely that the accused acted recklessly in committing the offense. *See State v. Emanuel*, 873 S.W.2d 108, 109 (Tex. App.—Dallas 1994, no pet.); *see also* TEX. CODE CRIM.PROC.ANN. art. 21.15 (Vernon 1989). In an indecent exposure case, to comply with article 21.15, the State must allege circumstances which indicate the defendant was aware of the risk that another person was present who would be offended by his act of exposing himself and that the defendant acted in conscious disregard of that risk. *See Gengnagel v. State*, 748 S.W.2d 227, 230 (Tex.Crim.App.1988); *see*

*also* TEX.PEN.CODE ANN. § 6.03(c) (Vernon 1994) (defining culpable mental state of reckless).

York asserts *Gengnagel v. State* and *Lacour v. State*, 980 S.W.2d 525 (Tex. App.—Beaumont 1998), *rev'd*, 8 S.W.3d 670 (Tex.Crim.App.2000), support his argument that the informations are defective. In *Gengnagel*, the information alleged the defendant exposed his genitals and then repeated "exposition of his genitals" as the act constituting recklessness. *Gengnagel*, 748 S.W.2d at 228. The court of criminal appeals determined that the information did not allege "any act or circumstances" to show this exposition was done in a reckless manner. *Id.* at 230. The court noted that the State's evidence showed the defendant exposed himself after seeing a specific individual approach him *in a public park*. *Id.* at 230 n. 2. In *State v. Emanuel*, this Court observed that the court in *Gengnagel* apparently indicated that "the act or circumstances that should have been alleged were that the appellant exposed himself *in a public park* after seeing the complainant approach him." *Emanuel*, 873 S.W.2d at 109 (emphasis added).

In *Lacour*, the defendant was convicted of disorderly conduct under section 42.01(a)(12) of the penal code, which makes it an offense for a person to be naked in a public place if he is reckless about whether another may be present who will be offended or alarmed by his act. *Lacour*, 8 S.W.3d at 670; *see* TEX.PEN.CODE ANN . § 42.01(a)(12) (Vernon Supp.2000). The defendant and about 100 other nudists were naked on a public beach, and the court of appeals held that the evidence was legally insufficient to support the defendant's conviction. *Lacour*, 980 S.W.2d at 527. York cites the court of appeals's opinion in *Lacour* for the proposition that "someone on a public beach was not necessarily reckless if the beach was secluded and could not easily be seen."[2] However,

2. In *Lacour,* in concluding the State did not

present evidence the defendant acted reck-

the court of criminal appeals subsequently rejected this holding and reversed, holding the evidence legally sufficient to support the judgment of conviction for disorderly conduct. *Lacour*, 8 S.W.3d at 671. The court of criminal appeals emphasized that a "rational jury could have inferred the ultimate fact of appellant's recklessness from the basic fact of his nakedness on a public beach."[3] *Id.; see Broussard v. State*, 999 S.W.2d 477, 483–84 (Tex.App.— Houston [14th Dist.] 1999, pet. ref'd). Thus, we conclude that neither authority supports York's position.

■ In these cases, the informations alleged that York was reckless about whether another person was present who would be offended and alarmed by his act of exposing his penis while at a public park. By alleging that York exposed his penis *at a public park*, the State alleged circumstances indicating York was aware of the risk that another person was present who would be offended by his act of exposing himself and that he acted in conscious disregard of that risk. We conclude that, as a matter of law, the charging instruments alleged with reasonable certainty the acts relied upon to constitute recklessness. *See Vasquez v. State*, 9 S.W.3d 839, 840 (Tex.App.—San Antonio 1999, pet. ref'd) (holding in indecent exposure case that State alleged act constituting recklessness where information alleged defendant exposed his genitals to com-

plainant and also masturbated in complainant's presence). Thus, the trial court abused its discretion in granting the motions to quash on that ground.

■ We next consider the State's contention that the trial court erred in granting York's motions to quash because the State was not required to allege the names of the persons to whom York exposed himself. The elements of the offense of indecent exposure are: (1) a person (2) exposes his anus or any part of his genitals (3) with intent to arouse or gratify the sexual desire of any person, and (4) he is reckless about whether another is present who will be offended or alarmed by his act. TEX.PEN.CODE ANN. § 21.08 (Vernon 1994). The statute does not require that someone actually be offended. *Broussard*, 999 S.W.2d at 483. The person to whom the exposure is directed, if any, is not an essential element of the offense of indecent exposure. *Wallace v. State*, 550 S.W.2d 89, 91 (Tex.Crim.App.1977); *Swire v. State*, 997 S.W.2d 370, 373 (Tex.App.— Beaumont 1999, no pet.). Thus, the names of the persons to whom York allegedly exposed himself are facts which are merely evidentiary in nature, and the State was not required to include them in the informations to give York notice of the charged offenses. *See DeVaughn*, 749 S.W.2d at 67; *Young v. State*, 976 S.W.2d 771, 773–74 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd); *Emanuel*, 873 S.W.2d at 109. Accordingly, the trial court abused its discre-

lessly regarding whether others might be present who would be offended by his acts, the court of appeals wrote:

The testimony established that in order to reach the area where the nudists congregated, it was necessary to traverse across approximately four miles of a closed section of State Highway 87 running east of State Highway 124. [Witness] McEachern testified that in order to get to the beach where the nudist[s] congregated, he had to drive past a barricade that said "road closed" on Highway 87. [Witness] Carr testified that the beach was located along a closed section of the highway that had been washed out. Carr also testified there were no residences along the closed section of the highway and that the beach where the nudists

were located was next to marshland. McEachern stated the highway had been "washed out" for several years and that he could not clearly see the beach from the road because the dunes and the vegetation between the beach and the highway obscured his vision.

*Lacour*, 980 S.W.2d at 526.

3. The court of criminal appeals further wrote: "And, on this record, a rational jury could have found that appellant was naked in a 'public place' and that he was 'reckless about whether another may be present who will be offended or alarmed' by his public nakedness." *Lacour*, 8 S.W.3d at 671; *see Young v. State*, 976 S.W.2d 771, 774 (Tex.App.—Houston [1st Dist.] 1998, pet. ref'd).

tion in quashing the informations on grounds that the State was required to allege the names of the persons to whom York allegedly exposed himself.

In his appellate brief, York contends the trial court properly quashed the informations because they failed to provide sufficient information to bar a subsequent prosecution for the same offense. However, at the pretrial hearing on the written motions to quash, York expounded this argument only in an oral motion to quash; he did not include this argument in his written motions to quash. All motions to set aside an indictment or information must be in writing. TEX.CODE CRIM.PROC. ANN. art. 27.10 (Vernon 1989); *see Faulks v. State,* 528 S.W.2d 607, 609 (Tex.Crim. App.1975) (ruling on oral motion to quash preserves nothing for review). Thus, to the extent the trial court quashed the informations based on York's oral motion, it erred. *See State v. Goldsberry,* 14 S.W.3d 770, 775 (Tex.App.—Houston [1st Dist.] 2000, pet. ref'd).

We reverse the trial court's orders quashing the informations and remand these causes to the trial court with instructions to reinstate the informations.