STATE of Texas, Appellant,

v.

Brent Thomas RODGERS, Appellee.

State of Texas, Appellant,

v.

Manuel Joson, III, Appellee.

State of Texas, Appellant

v.

Christopher G. Hill, Appellee.

Nos. 11–05–00251–CR to 11–05–00253–CR.

Court of Appeals of Texas, Eastland.

Dec. 21, 2006.

John Roach, District Attorney, Emily Johnson–Liu, Asst. Dist. Atty's Office, McKinney, for appellant.

Ronald Danforth, McKinney, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

In these three causes, the State charged Brent Thomas Rodgers, Manuel Joson, III, and Christopher G. Hill with assault under TEX. PEN.CODE ANN. § 22.01(a)(1) (Vernon Supp.2006). The State appeals from the trial court's orders quashing the informations in these causes. The issue in

each of these causes is whether the State's allegations of reckless conduct in the information complied with the pleading requirements of Article 21.15 of the Texas Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 21.15 (Vernon 1989). Because the State's allegations of reckless conduct complied with Article 21.15, we reverse the trial court's orders and remand these causes for further proceedings.

### Background Facts

Section 22.01(a)(1) of the Texas Penal Code provides that a person commits the offense of assault by intentionally, knowingly, or recklessly causing bodily injury to another, including the person's spouse. Section 6.03(c) of the Penal Code defines recklessly:

> A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

TEX. PEN.CODE ANN. § 6.03(c) (Vernon 2003).

In the information in Cause No. 11–05–00251–CR, the State alleged that Rodgers intentionally, knowingly, and recklessly caused bodily injury to Ashley Guillory (1) "by pushing the body of Ashley Guillory with [his] hand" and (2) "by kicking the body of Ashley Guillory with [his] foot." In the information in Cause No. 11–05–00252–CR, the State alleged that Joson intentionally, knowingly, and recklessly caused bodily injury to Doris Gentz "by pushing the body of Doris Gentz with [his] hand." In the information in Cause No. 11–05–00253–CR, the State alleged that Hill intentionally, knowingly, and recklessly caused bodily injury to Starna Hill (1) "by striking the head of Starna Hill with a picture frame," (2) "by choking Starna Hill with [his] hand," and (3) "by squeezing the neck of Starna Hill with [his] hand."

Appellees moved to quash the informations. They asserted that the informations were insufficient because the State "ha[d] failed to allege the manner and means, which make this offense reckless." Hill's motion to quash specifically referred to Article 21.15 of the Texas Code of Criminal Procedure. At the hearings on the motions to quash, appellees argued that the State's allegations of reckless conduct did not comply with Article 21.15. By docket entries dated April 13, 2005, the trial court indicated that the motions to quash would be granted unless the State amended the informations by May 6, 2005. The State did not amend the informations. On May 6, 2005, the trial court conducted a final hearing on the motions to quash. Because the State had not amended the informations nor abandoned the allegations of recklessness, the trial court entered an order quashing the informations. In the order, the trial court found that "the State ha[d] not sufficiently alleged the acts relied upon to constitute recklessness."

### Issue Presented

In a sole issue, the State argues that the trial court erred in entering the orders quashing the informations because the allegations of reckless conduct in the informations complied with Article 21.15.

### Standard of Review

The rules with respect to the certainty required in an indictment also apply to an information. TEX.CODE CRIM. PROC. ANN. art. 21.23 (Vernon 1989); *see also*

*Studer v. State,* 799 S.W.2d 263, 268 (Tex. Crim.App.1990). The sufficiency of an indictment or information is a question of law. *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004). When the resolution of a question of law does not depend on an evaluation of the credibility and demeanor of a witness, as in these causes, the trial court's ruling is subject to a de novo review. *Id.*

### Sufficiency of the Informations

■ Appellees argue that the State's allegations of reckless conduct failed to provide sufficient notice to allow them to prepare a proper defense to the charges. The right to notice is set forth in both the United States and Texas Constitutions. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Moff,* 154 S.W.3d at 601. A charging instrument must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense. *Moff,* 154 S.W.3d at 601. Article 21.15 sets forth a special pleading requirement when the prosecution relies on recklessness or criminal negligence:

> Whenever recklessness or criminal negligence enters into or is a part or element of any offense, or it is charged that the accused acted recklessly or with criminal negligence in the commission of an offense, the complaint, information, or indictment in order to be sufficient in any such case must allege, with reasonable certainty, *the act or acts relied upon to constitute recklessness or criminal negligence,* and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence (emphasis added).

The allegations of reckless conduct in these causes are similar to the allegations in *State v. Emanuel,* 873 S.W.2d 108 (Tex.

App.-Dallas 1994, no pet.). In *Emanuel,* the State alleged that the defendant recklessly caused bodily injury to the complainant "by striking said complainant with a belt." *Id.* The defendant argued that the indictment failed to comply with Article 21.15 because it did not state with reasonable certainty the act the State relied upon to constitute recklessness. The trial court granted the defendant's motion to quash. On appeal, the State argued that the indictment complied with Article 21.15 because the State had alleged the precise act relied upon to constitute recklessness—striking the complainant with the belt. The defendant argued that the information did not provide sufficient notice of the unlawful conduct charged because the State had failed to allege how the striking with the belt was done in a reckless manner. *Id.* at 109.

In *Emanuel,* the Dallas court explained that an indictment is insufficient under Article 21.15 if it merely alleges that the accused acted recklessly in committing the offense. *Id.* However, the court further explained that, as long as an indictment alleges the act relied upon to constitute recklessness with reasonable certainty so that it informs the accused of the nature of the reckless act of which he or she is accused, the State need not plead additional evidentiary facts. *Id.* In *Emanuel,* the State's allegations in the indictment specified the defendant's reckless act as hitting the complainant with a belt. The court held that the indictment complied with Article 21.15 because it adequately informed the defendant "of the act the State relied upon to constitute recklessness, namely striking the complainant with a belt." *Id.* at 110.

Other courts have reached the same conclusion. In *Cruz v. State,* 838 S.W.2d 682 (Tex.App.-Houston [14th Dist.] 1992, pet. ref'd), the State alleged in the indictment

that the defendant knowingly, intentionally, and recklessly caused bodily injury to the complainant "by striking her with his body and causing her to fall to the floor." *Id.* at 684. The Houston Fourteenth court held that the indictment adequately informed the defendant of the acts constituting recklessness. *Id.* In *Cross v. State*, No. 11–96–00120–CR, 1998 WL 34200500 (Tex.App.-Eastland Feb. 26, 1998, pet. ref'd) (not designated for publication), the State alleged in the indictment that the defendant recklessly caused the death of the complainant "by shooting him with a firearm." In *Cross*, we cited *Emanuel* and *Cruz* in holding that the indictment complied with Article 21.15 by alleging the act relied upon to constitute recklessness. In *Boyd v. State*, No. 11–04–00292–CR, 2006 WL 2506976 (Tex.App.-Eastland Aug. 31, 2006, pet. filed), the State alleged in the information that the defendant, with criminal negligence, interfered with a police officer's investigation "by ... trying to pull away from the officer." *Id.* at *4. We held that the information complied with Article 21.15 by alleging the act relied upon to constitute criminal negligence—trying to pull away from the officer. *Id.*

The Dallas court followed *Emanuel* in a recent case. *State v. Leavitt*, No. 05–06–00341–CR, 2006 WL 2053487 (Tex.App.-Dallas July 25, 2006, pet. filed) (not designated for publication). In *Leavitt*, the State alleged in the information that the defendant "intentionally, knowingly, and recklessly cause[d] bodily injury to [the complainant] by hitting [the complainant] in the face with the hand of the [defendant]." *Id.* at *1. The defendant argued that the information did not comply with Article 21.15 because the State had "failed to 'allege,' with reasonable certainty, the act or acts relied upon to constitute recklessness or criminal negligence." *Id.* However, the court held that the information complied with Article 21.15 because

"[it] adequately informed [the defendant] of the act upon which the State intended to rely." *Id.*

■ We agree with the reasoning of the *Emanuel* court and these other courts. The indictment in *Emanuel* met the precise text of Article 21.15 by alleging the act the State relied upon to constitute recklessness-striking the complainant with a belt. Similarly, the informations in these causes alleged the acts the State relied upon to constitute recklessness: (1) "pushing the body of Ashley Guillory with [his] hand" and "kicking the body of Ashley Guillory with [his] foot" in Rodgers's case; (2) "pushing the body of Doris Gentz with [his] hand" in Joson's case; and (3) "striking the head of Starna Hill with a picture frame," "choking Starna Hill with [his] hand," and "squeezing the neck of Starna Hill with [his] hand" in Hill's case. Therefore, the informations in these causes are sufficient under Article 21.15 because they adequately informed appellees of the acts the State relied upon to constitute recklessness. *Boyd*, 2006 WL 2506976, at *4; *Emanuel*, 873 S.W.2d at 110; *Cruz*, 838 S.W.2d at 684.

Appellees rely on *State v. McCoy*, 64 S.W.3d 90 (Tex.App.-Austin 2001, no pet.). In *McCoy*, the Austin court affirmed the trial court's dismissal of an indictment based on the defendant's motion to quash. The *McCoy* court stated that Article 21.15 imposes two requirements on an indictment alleging reckless misconduct:

First, the indictment must allege with reasonable certainty the act or acts relied on to constitute the forbidden conduct committed with recklessness. *Graham v. State*, 657 S.W.2d 99, 104 (Tex. Crim.App.1983). Second, the indictment must allege with reasonable certainty the acts or circumstances relied on to demonstrate that the forbidden conduct

was committed in a reckless manner. *Gengnagel v. State*, 748 S.W.2d 227, 228–30 (Tex.Crim.App.1988).

*McCoy*, 64 S.W.3d at 92. We decline to follow *McCoy* for the reasons that we stated in *Boyd*. *See Boyd*, 2006 WL 2506976, at *3–4. However, as we stated in *Boyd*, even assuming that *McCoy* has correctly stated that there are two requirements, we believe the same act or acts can satisfy both requirements—the act or acts relied on to constitute the forbidden conduct and the act or acts relied on to demonstrate that the forbidden conduct was committed in a reckless manner. *Id.* at *3. For example, in Rodgers's case, the State alleged that Rodgers kicked Ashley Guillory with his foot. The act of kicking Ashley Guillory allegedly caused bodily injury to her (forbidden conduct), but one can also infer that kicking Ashley Guillory was reckless (a reasonable person would be aware of the risk of harming another person if he kicks the other person). The acts alleged in the informations in these causes satisfy both requirements stated in *McCoy*.

Appellees also rely on *Moff*. In *Moff*, the State charged the defendant with intentional, knowing, and reckless misapplication of fiduciary property. *Moff*, 154 S.W.3d at 600. The defendant served as the chief appraiser for Nueces County for twenty years. As the chief appraiser, the defendant was responsible for making various purchases of equipment and supplies for the county. *Id.* at 600, 603. He used money and credit cards to make numerous purchases for the county. *Id.* at 603. The State charged the defendant with misapplication of fiduciary property over a period covering seven years. The State alleged in the indictment that, during the seven-year period, the defendant intentionally, knowingly, and recklessly misapplied property—money and credit cards—of the value of $20,000 or more but less than $100,000. *Id.* at 600. However, the indictment failed to specify the transaction or transactions involved. *Id.*

In *Moff*, the defendant sought to quash the indictment on the ground that it failed to specify the purchases that he allegedly made without the authorization of the Nueces County Appraisal District's Board of Directors. *Id.* at 600. The trial court entered an order quashing the indictment and requiring the State to refile the indictment. The order directed the State to specify which purchases were allegedly unauthorized. The court of appeals reversed the trial court's order quashing the indictment, and the Court of Criminal Appeals granted review on the following issue: "Whether a trial court abuses its discretion when it requires more specificity in an indictment alleging recklessness and spanning seven years which fails to identify which of the countless transactions during that time span the State may rely on for conviction." *Id.*

In *Moff*, the Court of Criminal Appeals began its analysis of the issue by stating that the indictment covered a seven-year time period. The Court of Criminal Appeals explained:

> [I]n his capacity as Chief Appraiser of the Nueces County Appraisal District, [the defendant] used money and credit cards to make numerous purchases of equipment and supplies during the time period alleged in the indictment. Although the indictment correctly tracks the language of the statute, in this type of case, that alone is not sufficient to fulfill the constitutional and statutory requirements of specificity. It is unreasonable to require the defendant to gather evidence and prepare a defense for each of the credit card and cash transactions he made during the seven-year time frame in the indictment. Thus, additional information that is rea-

sonably necessary for the defense to prepare its case must be provided. This is not to say that the State must lay out its case in the indictment, only that the defendant must be informed of the specific transactions that allegedly violate the statute.

*Id.* at 603. The Court of Criminal Appeals held that the State's allegations in the indictment "failed to provide sufficient notice to inform [the defendant] of the specific acts for which he was charged" and that, therefore, the trial court had not erred in quashing the indictment. *Id.* at 604.

These causes are distinguishable from *Moff* for a number of reasons. *Moff* did not involve the heightened pleading requirements for reckless conduct under Article 21.15. The Court of Criminal Appeals did not address Article 21.15 in *Moff.* Rather, the Court of Criminal Appeals addressed the State's failure to specify transactions that had occurred over a seven-year period. While *Moff* involved "countless transactions" occurring over a seven-year period, each of these causes involve isolated acts occurring on a single day. In these causes, the State alleged specific acts in the informations. Thus, unlike the indictment in *Moff,* the informations in these causes provided sufficient notice to inform appellees of the specific acts for which they are charged.

The trial court erred in quashing the informations in these causes. Therefore, we sustain the State's issue in these causes.

### This Court's Ruling

We reverse the trial court's orders granting the appellees' motions to quash, and we remand these causes to the trial court.