Opinion filed December 21, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed December 21, 2006

 

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00251-CR

                                                    __________

 

                                       STATE OF TEXAS,
Appellant

                                                             V.

                               BRENT
THOMAS RODGERS, Appellee

 



 

                           On
Appeal from the County Court at Law Number Two

                                                          Collin County,
Texas

                                             Trial
Court Cause No. 002-84202-04

 



 

                                                                 ____________

                                                                              

                                                          No. 11-05-00252-CR

                                                    __________

 

                                      STATE
OF TEXAS, Appellant

                                                             V.

                                     MANUEL
JOSON, III, Appellee

 



 

                           On
Appeal from the County Court at Law Number Two

                                                          Collin County,
Texas

                                             Trial
Court Cause No. 002-84585-03

 



 








                                                                 ____________

 

                                                          No. 11-05-00253-CR

                                                    __________

 

                                       STATE OF TEXAS,
Appellant

                                                             V.

                                  CHRISTOPHER
G. HILL, Appellee

 



 

                           On
Appeal from the County Court at Law Number Two

                                                          Collin County,
Texas

                                             Trial
Court Cause No. 002-81541-04

 



 

                                                                   O
P I N I O N

In these three causes, the State charged Brent
Thomas Rodgers, Manuel Joson, III, and Christopher G. Hill with assault under Tex. Pen. Code Ann. ' 22.01(a)(1) (Vernon Supp. 2006). The State appeals from
the trial court=s orders
quashing the informations in these causes. 
The issue in each of these causes is whether the State=s allegations of reckless conduct in
the information complied with the pleading requirements of Article 21.15 of the
Texas Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 21.15 (Vernon 1989).  Because the State=s
allegations of reckless conduct complied with Article 21.15, we reverse the
trial court=s orders
and remand these causes for further proceedings.

                                                               Background
Facts

Section 22.01(a)(1) of the Texas Penal Code
provides that a person commits the offense of assault by intentionally,
knowingly, or recklessly causing bodily injury to another, including the person=s spouse.  Section 6.03(c) of the Penal Code defines
recklessly:

A person acts recklessly, or is reckless, with
respect to circumstances surrounding his conduct or the result of his conduct
when he is aware of but consciously disregards a substantial and unjustifiable
risk that the circumstances exist or the result will occur.  The risk must be of such a nature and degree
that its disregard constitutes a gross deviation from the standard of care that
an ordinary person would exercise under all the circumstances as viewed from
the actor=s
standpoint.   

 

Tex. Pen. Code Ann.
' 6.03(c) (Vernon 2003).








In the information in Cause No. 11-05-00251-CR,
the State alleged that Rodgers intentionally, knowingly, and recklessly caused
bodily injury to Ashley Guillory (1) Aby
pushing the body of Ashley Guillory with [his] hand@
and (2) Aby
kicking the body of Ashley Guillory with [his] foot.@  In the information in Cause No.
11-05-00252-CR, the State alleged that Joson intentionally, knowingly, and
recklessly caused bodily injury to Doris Gentz Aby
pushing the body of Doris Gentz with [his] hand.@  In the information in Cause No. 11-05-00253-CR,
the State alleged that Hill intentionally, knowingly, and recklessly caused
bodily injury to Starna Hill (1) Aby
striking the head of Starna Hill with a picture frame,@
(2) Aby
choking Starna Hill with [his] hand,@
and (3) Aby
squeezing the neck of Starna Hill with [his] hand.@

Appellees moved to quash the informations.  They asserted that the informations were
insufficient because the State Aha[d]
failed to allege the manner and means, which make this offense reckless.@ 
Hill=s motion
to quash specifically referred to Article 21.15 of the Texas Code of Criminal
Procedure.  At the hearings on the
motions to quash, appellees argued that the State=s
allegations of reckless conduct did not comply with Article 21.15.  By docket entries dated April 13, 2005, the
trial court indicated that the motions to quash would be granted unless the
State amended the informations by May 6, 2005. 
The State did not amend the informations.  On May 6, 2005, the trial court conducted a
final hearing on the motions to quash. 
Because the State had not amended the informations nor abandoned the
allegations of recklessness, the trial court entered an order quashing the
informations.  In the order, the trial
court found that Athe State
ha[d] not sufficiently alleged the acts relied upon to constitute recklessness.@

                                                                  Issue
Presented

In a sole issue, the State argues that the trial
court erred in entering the orders quashing the informations because the
allegations of reckless conduct in the informations complied with Article
21.15.

                                                              Standard
of Review 








The rules with respect to the certainty required
in an indictment also apply to an information. 
Tex. Code Crim. Proc. Ann.
art. 21.23 (Vernon
1989); see also Studer v. State, 799 S.W.2d 263, 268 (Tex. Crim. App.
1990).  The sufficiency of an indictment
or information is a question of law.  State
v. Moff, 154 S.W.3d 599, 601 (Tex.
Crim. App. 2004).  When the resolution of
a question of law does not depend on an evaluation of the credibility and
demeanor of a witness, as in these causes, the trial court=s ruling is subject to a de novo
review.  Id.

                                                     Sufficiency
of the Informations

Appellees argue that the State=s allegations of reckless conduct
failed to provide sufficient notice to allow them to prepare a proper defense
to the charges.  The right to notice is
set forth in both the United
 States and Texas Constitutions.  See U.S. Const. amend VI; Tex.
Const. art. I, '
10; Moff, 154 S.W.3d at 601.  A
charging instrument must be specific enough to inform the accused of the nature
of the accusation against him so that he may prepare a defense.  Moff, 154 S.W.3d at 601.  Article 21.15 sets forth a special pleading
requirement when the prosecution relies on recklessness or criminal negligence:

Whenever recklessness or criminal negligence
enters into or is a part or element of any offense, or it is charged that the
accused acted recklessly or with criminal negligence in the commission of an
offense, the complaint, information, or indictment in order to be sufficient in
any such case must allege, with reasonable certainty, the act or acts relied
upon to constitute recklessness or criminal negligence, and in no event
shall it be sufficient to allege merely that the accused, in committing the
offense, acted recklessly or with criminal negligence (emphasis added).

 

The allegations of reckless conduct in these
causes are similar to the allegations in State v. Emanuel, 873 S.W.2d
108 (Tex. App.CDallas
1994, no pet.).  In Emanuel, the
State alleged that the defendant recklessly caused bodily injury to the
complainant Aby
striking said complainant with a belt.@  Id.  The defendant argued that the indictment
failed to comply with Article 21.15 because it did not state with reasonable
certainty the act the State relied upon to constitute recklessness.  The trial court granted the defendant=s motion to quash.  On appeal, the State argued that the
indictment complied with Article 21.15 because the State had alleged the
precise act relied upon to constitute recklessness B
striking the complainant with the belt. 
The defendant argued that the information did not provide sufficient
notice of the unlawful conduct charged because the State had failed to allege
how the striking with the belt was done in a reckless manner.  Id.
at 109.








In Emanuel, the Dallas court explained that an indictment is
insufficient under Article 21.15 if it merely alleges that the accused acted
recklessly in committing the offense.  Id.  However, the court further explained
that, as long as an indictment alleges the act relied upon to constitute
recklessness with reasonable certainty so that it informs the accused of the
nature of the reckless act of which he or she is accused, the State need not
plead additional evidentiary facts.  Id.  In Emanuel, the State=s allegations in the indictment
specified the defendant=s
reckless act as hitting the complainant with a belt.  The court held that the indictment complied
with Article 21.15 because it adequately informed the defendant Aof the act the State relied upon to
constitute recklessness, namely striking the complainant with a belt.@ 
Id. at 110. 

Other courts have reached the same
conclusion.  In Cruz v. State, 838
S.W.2d 682 (Tex. App.CHouston
[14th Dist.] 1992, pet. ref=d),
the State alleged in the indictment that the defendant knowingly, intentionally,
and recklessly caused bodily injury to the complainant Aby
striking her with his body and causing her to fall to the floor.@ 
Id. at 684.  The Houston
Fourteenth court held that the indictment adequately informed the defendant of
the acts constituting recklessness.  Id.  In Cross v. State, No. 11-96-00120-CR,
1998 WL 34200500 (Tex. App.CEastland
Feb. 26, 1998, pet. ref=d)
(not designated for publication), the State alleged in the indictment that the
defendant recklessly caused the death of the complainant Aby shooting him with a firearm.@ 
In Cross, we cited Emanuel and Cruz in holding that
the indictment complied with Article 21.15 by alleging the act relied upon to
constitute recklessness.  In Boyd v.
State, No. 11-04-00292-CR, 2006 WL 2506976 (Tex. App.CEastland Aug. 31, 2006, pet. filed),
the State alleged in the information that the defendant, with criminal
negligence, interfered with a police officer=s
investigation Aby . . .
trying to pull away from the officer.@  Id. at *4.  We held that the information complied with
Article 21.15 by alleging the act relied upon to constitute criminal negligence
B trying to pull away from the
officer.  Id.

The Dallas court followed Emanuel in a
recent case.  State v. Leavitt,
No. 05-06-00341-CR, 2006 WL 2053487 (Tex. App.CDallas
July 25, 2006, pet. filed) (not designated for publication).  In Leavitt, the State alleged in the
information that the defendant Aintentionally,
knowingly, and recklessly cause[d] bodily injury to [the complainant] by
hitting [the complainant] in the face with the hand of the [defendant].@ Id. at *1.  The defendant argued that the information did
not comply with Article 21.15 because the State had Afailed
to >allege,=
with reasonable certainty, the act or acts relied upon to constitute
recklessness or criminal negligence.@  Id. 
However, the court held that the information complied with Article 21.15
because A[it]
adequately informed [the defendant] of the act upon which the State intended to
rely.@  Id.








We agree with the reasoning of the Emanuel
court and these other courts.  The
indictment in Emanuel met the precise text of Article 21.15 by alleging
the act the State relied upon to constitute recklessness B striking the complainant with a
belt.  Similarly, the informations in
these causes alleged the acts the State relied upon to constitute recklessness:
(1) Apushing
the body of Ashley Guillory with [his] hand@
and Akicking
the body of Ashley Guillory with [his] foot@
in Rodgers=s case;
(2) Apushing
the body of Doris Gentz with [his] hand@
in Joson=s case;
and (3) Astriking
the head of Starna Hill with a picture frame,@
Achoking Starna Hill with [his] hand,@ and Asqueezing
the neck of Starna Hill with [his] hand@
in Hill=s
case.  Therefore, the  informations in these causes are sufficient
under Article 21.15 because they adequately informed appellees of the acts the
State relied upon to constitute recklessness. 
Boyd, 2006 WL 2506976, at *4; Emanuel, 873 S.W.2d at 110; Cruz,
838 S.W.2d at 684.

Appellees rely on State v. McCoy, 64 S.W.3d
90 (Tex. App.CAustin
2001, no pet.).  In McCoy, the
Austin court affirmed the trial court=s
dismissal of an indictment based on the defendant=s
motion to quash.  The McCoy court
stated that Article 21.15 imposes two requirements on an indictment alleging
reckless misconduct:

First,
the indictment must allege with reasonable certainty the act or acts relied on
to constitute the forbidden conduct committed with recklessness.  Graham v. State, 657 S.W.2d 99, 104
(Tex. Crim. App. 1983).  Second, the
indictment must allege with reasonable certainty the acts or circumstances
relied on to demonstrate that the forbidden conduct was committed in a reckless
manner.  Gengnagel v. State, 748
S.W.2d 227, 228-30 (Tex. Crim. App. 1988).

 

McCoy, 64 S.W.3d at 92. 
We decline to follow McCoy for the reasons that we stated in Boyd.  See Boyd, 2006 WL 2506976, at
*3-4.  However, as we stated in Boyd,
even assuming that McCoy has correctly stated that there are two
requirements, we believe the same act or acts can satisfy both requirements B the act or acts relied on to
constitute the forbidden conduct and the act or acts relied on to demonstrate
that the forbidden conduct was committed in a reckless manner.  Id. at *3.  For example, in Rodgers=s case, the State alleged that Rodgers
kicked Ashley Guillory with his foot. 
The act of kicking Ashley Guillory allegedly caused bodily injury to her
(forbidden conduct), but one can also infer that kicking Ashley Guillory was
reckless (a reasonable person would be aware of the risk of harming another
person if he kicks the other person). The acts alleged in the informations in
these causes satisfy both requirements stated in McCoy.








Appellees also rely on Moff.  In Moff, the State charged the
defendant with intentional, knowing, and reckless misapplication of fiduciary
property.  Moff, 154 S.W.3d at
600.  The defendant served as the chief
appraiser for Nueces County for twenty years. 
As the chief appraiser, the defendant was responsible for making various
purchases of equipment and supplies for the county.  Id. at 600, 603.  He used money and credit cards to make
numerous purchases for the county.  Id.
at 603.  The State charged the defendant
with misapplication of fiduciary property over a period covering seven
years.  The State alleged in the
indictment that, during the seven-year period, the defendant intentionally,
knowingly, and recklessly misapplied property B
money and credit cards B
of the value of $20,000 or more but less than $100,000.  Id. at 600.  However, the indictment failed to specify the
transaction or transactions involved.  Id.

In Moff, the defendant sought to quash the
indictment on the ground that it failed to specify the purchases that he
allegedly made without the authorization of the Nueces County Appraisal
District=s Board
of Directors.  Id. at 600.  The trial court entered an order quashing the
indictment and requiring the State to refile the indictment.  The order directed the State to specify which
purchases were allegedly unauthorized. 
The court of appeals reversed the trial court=s
order quashing the indictment, and the Court of Criminal Appeals granted review
on the following issue: AWhether
a trial court abuses its discretion when it requires more specificity in an
indictment alleging recklessness and spanning seven years which fails to
identify which of the countless transactions during that time span the State
may rely on for conviction.@  Id.        

In Moff, the Court of Criminal Appeals
began its analysis of the issue by stating that the indictment covered a
seven-year time period.  The Court of
Criminal Appeals explained:

[I]n
his capacity as Chief Appraiser of the Nueces County Appraisal District, [the
defendant] used money and credit cards to make numerous purchases of equipment
and supplies during the time period alleged in the indictment.  Although the indictment correctly tracks the
language of the statute, in this type of case, that alone is not sufficient to
fulfill the constitutional and statutory requirements of specificity.  It is unreasonable to require the defendant
to gather evidence and prepare a defense for each of the credit card and cash
transactions he made during the seven-year time frame in the indictment.  Thus, additional information that is
reasonably necessary for the defense to prepare its case must be provided.  This is not to say that the State must lay
out its case in the indictment, only that the defendant must be informed of the
specific transactions that allegedly violate the statute.   

 

Id. at 603.  The
Court of Criminal Appeals held that the State=s
allegations in the indictment Afailed
to provide sufficient notice to inform [the defendant] of the specific acts for
which he was charged@
and that, therefore, the trial court had not erred in quashing the
indictment.  Id. at 604.








These causes are distinguishable from Moff
for a number of reasons.  Moff did
not involve the heightened pleading requirements for reckless conduct under
Article 21.15.  The Court of Criminal
Appeals did not address Article 21.15 in Moff.  Rather, the Court of Criminal Appeals
addressed the State=s failure
to specify transactions that had occurred over a seven-year period.  While Moff involved Acountless transactions@ occurring over a seven-year period,
each of these causes involve isolated acts occurring on a single day.  In these causes, the State alleged specific
acts in the informations.  Thus, unlike
the indictment in Moff, the informations in these causes provided
sufficient notice to inform appellees of the specific acts for which they are
charged.

The trial court erred in quashing the informations
in these causes.  Therefore, we sustain
the State=s issue
in these causes.

                                                               This
Court=s Ruling

We reverse the trial court=s
orders granting the appellees=
motions to quash, and we remand these causes to the trial court.

 

 

TERRY McCALL

JUSTICE

 

December 21, 2006

Publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.