Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-08-00203-CR

## EX PARTE ANDRES ROBERTO CANO

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 852082
Honorable Ray Olivarri, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: October 8, 2008

AFFIRMED

A jury found defendant, Andres Roberto Cano, guilty of the misdemeanor offense of assault

against another motorist and assessed punishment at 180 days in Bexar County Jail, probated for

twelve months, and a $350.00 fine. On January 11, 2006, this court affirmed the trial court's

judgment, and the Court of Criminal Appeals later refused defendant's petition for discretionary

review. *See Cano v. State*, No. 04-05-00092-CR, 2006 WL 47042 (Tex. App.—San Antonio Jan.

11, 2006, pet. ref'd) (mem. op., not designated for publication). This appeal arises from the trial

court's denial of defendant's post-conviction application for writ of habeas corpus. We affirm.

**STANDARD OF REVIEW**

We review a trial court's decision to grant or deny the relief requested on a writ of habeas corpus under an abuse of discretion standard. *Ex parte Cummins*, 169 S.W.3d 52, 755 (Tex. App.—Fort Worth 2005, no pet.). In reviewing the trial court's decision, we review the record in the light most favorable to the trial court's ruling. *Ex parte Peterson,* 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled in part on other grounds by Ex parte Lewis,* 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *Arreola v. State,* 207 S.W.3d 387, 391 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We pay almost total deference to the trial court's determination of historical facts that are supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Peterson,* 117 S.W.3d at 819; *Arreola*, 207 S.W.3d at 391. This deferential review applies even when "no witnesses testify and all of the evidence is submitted in written affidavits." *Ex parte Wheeler,* 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006).

**ENTITLEMENT TO AN EVIDENTIARY HEARING**

Defendant filed his application for writ of habeas corpus pursuant to Texas Code of Criminal Procedure article 11.072, which establishes the procedures for an application in a "misdemeanor case in which the applicant seeks relief from an order or judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, §1 (Vernon 2005). In his first issue on appeal, defendant relies on several opinions from the Texas Court of Criminal Appeals for his argument that the trial court was required to conduct an evidentiary hearing on his application, and its failure to do so was error. Defendant's reliance on these cases is misplaced because these cases involved applications for writs of habeas corpus filed pursuant to Code of Criminal Procedure article 11.07, which establishes the procedures for an application "in which the applicant seeks relief from

a felony judgment imposing a penalty other than death." TEX. CODE. CRIM. PROC. art. 11.07, § 1 (Vernon Supp. 2008).

Nothing in article 11.072, applicable to writs arising from misdemeanor cases, requires a trial court to conduct a hearing on a writ of habeas corpus before rendering its decision on the relief sought. *See Ex parte Cummins*, 169 S.W.3d at 757. Although section 6(b) of article 11.072 indicates that in making its determination the trial court *may* order a hearing, it does not *require* the trial court do so. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6(b). In addition, nothing in article 11.072 prohibits the trial court from considering evidence filed with the application or with the State's response. *See id.* art. 11.072. Section 7 of article 11.072 refers to the trial court's consideration of "documents attached to the application," albeit in determining if the application is frivolous, "but that language combined with the permissive language found in section 6 leads us to conclude that the legislature did not intend to prohibit the trial court from considering such evidence without a hearing." *Ex parte Cummins*, 169 S.W.3d at 757; *see id.* TEX. CODE CRIM. PROC. ANN. art. 11.072, §§ 6, 7.

Defendant filed his application on or about July 25, 2007. On February 5, 2008, the trial court signed an order "conclud[ing] that the allegations of ineffective assistance of counsel contained in the [application] create a necessity for a hearing, but that the matter is capable of resolution by means of an affidavit . . . ." Accordingly, the trial court ordered defendant's trial counsel to file an affidavit, and serve a copy on defendant, explaining (1) the measures taken to investigate defendant's case; (2) the measures taken to investigate State witnesses, efforts to interact and inform defendant of issues prior to trial, and efforts to subpoena witnesses; (3) whether an Internal Affairs file was subpoened or requested and whether counsel believed the information contained in the file to be

relevant at the time of trial; (4) whether any derogatory comments were made against defendant's interest during opening and closing arguments; and (5) whether a motion for new trial was filed, and whether defendant was informed about the process and his rights. Counsel filed the affidavit sometime in late February or early March 2008, and the trial court signed its order denying the application on March 13, 2008. Therefore, it is apparent from the record that the trial court considered defendant's application, over fifty pages of exhibits attached to the application, and counsel's affidavit. Accordingly, we conclude the trial court did not err by not conducting an evidentiary hearing on defendant's application for writ of habeas corpus.

## DISCLOSURE OF *BRADY* MATERIAL

Following defendant's arrest for assault, the Bexar County Sheriff's Office conducted an Internal Affairs Investigation into whether the arresting officers used excessive force against defendant. In his second issue, defendant asserts the trial court improperly denied his application for writ of habeas corpus because the State wrongfully withheld evidence from the investigation ("the IA file") in violation of *Brady v. Maryland*, 83 S. Ct. 1194 (1963).

Under *Brady*, the State is required to provide a defendant with exculpatory material or other evidence favorable to his defense. *Thomas v. State,* 841 S.W.3d 399, 407 (Tex. Crim. App. 1992). However, *Brady* does not apply to evidence known or available to the defense. *See Hayes v. State,* 85 S.W.3d 809, 815 (Tex. Crim. App. 2002); *Badillo v. State*, 255 S.W.3d 125, 132 (Tex. App.—San Antonio 2008, no pet.). In the affidavit filed by defendant's trial counsel, counsel states defendant asked her to retrieve the IA file but she "had no reason to believe the [IA] file contained any information that [she] had not already received through [defendant] or the police reports . . . [and she] had no reason to believe the [IA] file would be relevant or reveal any new information."

Because the IA file was known and available to the defense, the State did not violate its duty to disclose under *Brady*. *See Jackson v. State*, 552 S.W.3d 798, 804 (Tex. Crim. App. 1976) (no *Brady* violation because evidence was available to defendant had he taken advantage of his own subpoena).

Also under *Brady*, a defendant must show that the undisclosed evidence is material, *i.e.*, there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002). In its findings of fact and conclusions of law, the trial court determined that "the strength of the exculpatory evidence was not greater than the evidence supporting a conviction, and therefore, not material to this case." According to defendant, the IA file contained witness statements and information that would have impeached the testimony of the arresting officers. Assuming the evidence in the IA file was admissible at defendant's criminal trial, we conclude the trial court did not err in concluding the evidence was not material to defendant's prosecution. The testimony of the witnesses contained in the IA file was directed to the conduct of the officers who allegedly used excessive force against defendant when they arrested him. However, these officers did not witness the beginning of the altercation between defendant and the complainant. Therefore, defendant did not carry his burden of persuasion as to materiality by establishing a reasonable likelihood of a different outcome.

## INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his third issue, defendant contends the trial court improperly denied his application for writ of habeas corpus because he received ineffective assistance from his trial counsel based on a number of complaints about her allegedly deficient performance. To prevail on this complaint, defendant had the burden to prove by a preponderance of the evidence that: (1) counsel's performance was deficient, *i.e.*, her assistance fell below an objective standard of reasonableness; and (2) defendant

was prejudiced, *i.e.*, a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington,* 104 S. Ct. 2052, 2064 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). An appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.*

**A.      Investigation and interview of witnesses, police officers, and interaction with defendant**

In his first three complaints, defendant contends counsel was ineffective because she did not adequately investigate, she did not interview the complainant or the police officers, and she did not adequately interact with him. A lawyer's duty to assist a defendant includes the duty to consult with the defendant. *Robertson v. State*, 187 S.W.3d 475, 481 (Tex. Crim. App. 2006). A criminal defense lawyer also has a duty to make an independent investigation of the facts of a case, which includes seeking out and interviewing potential witnesses. *Ex parte Welborn,* 785 S.W.3d 391, 393 (Tex. Crim. App. 1990); *see also Cantu v. State,* 993 S.W.3d 712, 718 (Tex. App.—San Antonio 1999, pet. ref'd). A breach of the duty to investigate may result in a finding of ineffective assistance "where the result is that any viable defense available to the accused is not advanced." *Ex parte Ybarra,* 629 S.W.3d 943, 946 (Tex. Crim. App. 1982). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland,* 104 S. Ct. at 2066.

Consequently, we will sustain an appellant's challenge only if the consequence of the alleged failure to investigate is that the only viable defense available to the accused is not advanced, and there is a reasonable probability that, but for counsel's failure to advance the defense, the result of the proceeding would have been different. *Cantu,* 993 S.W.3d at 718.

In trial counsel's affidavit, she stated she reviewed the file maintained by defendant's prior attorney, reviewed and adopted the motions filed by this attorney, attempted to contact "every known lay witness listed on the police report," went to the location of the offense, personally took several photographs of the location, reviewed all police reports, and relied on all information supplied by defendant. Counsel stated she did not contact the complainant "[t]o avoid potential tampering issues [and she] only speak[s] to complainants if they first contact [her] office." Counsel also stated it was her "experience that police officers are not open to pre-trial interviews with defense attorneys. Therefore, [she does] not usually speak to the officers pretrial." As to her contact with defendant, counsel stated she spoke with him over the telephone many times; as trial grew closer, they spoke "several times about a variety of things"; they reviewed all relevant issues prior to trial; and defendant agreed with their defense strategy.

On appeal, defendant does not argue that the only viable defense available to him was not advanced. Nothing in the record indicates potential defenses were precluded or that a more extensive investigation would have made any difference in defendant's defense. The police officers defendant complains counsel did not interview did not witness the beginning of the altercation between defendant and the complainant. Although counsel had a duty to investigate and interview witnesses, her failure to interview the complainant, standing alone, is not sufficient to rise to the level of ineffective assistance of counsel. Therefore, we conclude the trial court did not err in concluding

that defendant "failed to overcome the presumption that counsel's conduct throughout trial was reasonable."

**B.      Motion to Quash**

The information filed against defendant alleged he "knowingly and recklessly cause[d] bodily injury to [complainant] BY STRIKING THE COMPLAINANT WITH THE HAND OF THE DEFENDANT . . . ."  On appeal, defendant complains trial counsel was ineffective because she failed to quash the information on the grounds that it did not specify the manner in which he was reckless, where the complainant was struck, or how the complainant was physically harmed.

The sufficiency of an indictment or information is a question of law.  *State v. Moff,* 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).  A charging instrument must be specific enough to inform the accused of the nature of the accusation against him so that he may prepare a defense.  *Id.* "Whenever recklessness . . . enters into or is a part or element of any offense, or it is charged that the accused acted recklessly . . . in the commission of an offense, [the information] in order to be sufficient in any such case must allege, with reasonable certainty, the act or acts relied upon to constitute recklessness . . ., and in no event shall it be sufficient to allege merely that the accused, in committing the offense, acted recklessly or with criminal negligence."  TEX. CODE CRIM. PROC. art. 21.15 (Vernon 1989).  We conclude the information here sufficiently alleged the act relied upon to constitute recklessness: that defendant struck the complainant with his hand.  *See State v. Rogers*, 214 S.W.3d 644, 648 (Tex. App.—Eastland 2006, pet. ref'd) (information sufficiently alleged acts State relied upon to constitute recklessness, including "pushing the body of [complainant] with [his] hand"); *Arroyo v. State*, 64 S.W.3d 81, 83-84 (Tex. App.—San Antonio 2001) (information sufficiently alleged act State relied upon to constitute recklessness: "striking the said complainant

with the head of [defendant]"), *judgment vacated and remanded on other grounds*, 117 S.W.3d 795 (Tex. Crim. App. 2003). Therefore, trial counsel was not ineffective for failing to file a motion to quash the information. Accordingly, the trial court did not err in concluding that defendant "failed to overcome the presumption that counsel's conduct throughout trial was reasonable."

**C.      Subpoena IA file**

Defendant contends trial counsel was ineffective because she did not subpoena the IA file. In view of the trial court's finding that the evidence contained in the IA file was not "material," and based on counsel's statements in her affidavit as set forth above, we cannot conclude that counsel's decision not to subpoena the file was "outside the wide range of professionally competent assistance." *Robertson*, 187 S.W.3d at 483. Accordingly, the trial court did not err in concluding that defendant "failed to overcome the presumption that counsel's conduct throughout trial was reasonable."

**D.      Statements made during opening and closing arguments**

Defendant contends counsel "uttered several statements affirming her concurrence with the State's perspectives." For example, defendant complains counsel asked, "What drives two grown men to act the way [the prosecutor] just described in less than a minute, I agree, it was road rage." Defendant also complains counsel stated both he and the complainant "were both doing things on that highway they shouldn't have been doing." Defendant contends counsel misstated the law when she told the jury the "key is going to be who really took the first punch." Finally, defendant complains that, in closing arguments, counsel alluded to his "faults." More specifically, counsel stated, "Somebody had to get arrested. And I submit to you that unfortunately that somebody, despite his faults or doing whatever they were doing on Highway 90, was [defendant]." Defendant

also complains that in her closing arguments, counsel "gave personal validity to [the police officer's] lawlessness by vouching for [him]" when she stated, "We had one officer . . . who did his job. He followed his procedures. And I'm not questioning him. I respect him and I respect that uniform." Finally, defendant complains of counsel's statements that both men were "doing wrong," and both were "equally responsible."

In her affidavit, trial counsel stated defendant agreed with her trial strategy and that he played an active role in his defense. As to the allegedly derogatory comments, counsel stated "we agreed that both men handled the situation badly, but that it did not rise to a criminal act on the part of [defendant] ... and if anything, the two were guilty of mutual combat, not criminal assault." Counsel also stated she believed jurors "do not take well to be [sic] disrespectful to men in blue and generally appreciate when a defense attorney acknowledges the officer's tough job." It is apparent from the record and from counsel's affidavit that the defense strategy was to portray both the complainant and the defendant as having acted inappropriately on the day of the assault and to show the jury, as counsel phrased it during her opening remarks, that "[t]here was too much testosterone on Highway 90 that day . . . ." On appeal defendant does not contend he disagreed with this strategy, and on this record we conclude the trial court did not err in concluding that defendant "failed to overcome the presumption that counsel's conduct throughout trial was reasonable."

### E.      Motion for new trial; informing defendant of his appellate rights

Defendant complains counsel was ineffective because she did not file a motion for new trial. He also alleges counsel was required to file a motion for new trial or a notice of appeal. In her affidavit, counsel stated she explained various options available to defendant, including possible grounds for a new trial or an appeal. However, she also informed defendant she was not comfortable

handling appeals and she recommended defendant obtain appellate counsel. Trial counsel subsequently withdrew from representation, and appellate counsel was appointed and a timely notice of appeal was filed.

On appeal, defendant does not indicate what grounds should have been raised in a motion for new trial. "In the absence of proof of prejudice, we cannot hold that the trial attorney's failure to file a motion for new trial . . . was ineffective assistance of counsel." *Bryant v. State*, 974 S.W.3d 395, 400 (Tex. App.—San Antonio 1998, pet. ref'd) (noting, "[a]bsent from the record is any legally competent evidence that such filings were prudent."). Therefore, we conclude the trial court did not err in concluding that defendant "failed to overcome the presumption that counsel's conduct throughout trial was reasonable."

## INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Defendant's court-appointed appellate counsel filed an *Anders* brief on his behalf. Defendant filed a *pro se* brief. On appeal, defendant contends appellate counsel was ineffective because filing the *Anders* brief resulted in "a complete lack of advocacy," and counsel overlooked various errors in the record. A panel of this court reviewed all briefs and the record and determined the appeal was without merit. *See Cano*, 2006 WL 47042, at *1. Because a panel of this court has already determined "nothing in the record . . . arguably supports the appeal," *see id.*, we cannot conclude appellate counsel was ineffective.

## TRIAL COURT'S FINDINGS

Defendant's final complaint on appeal is that the trial court's findings are "clearly erroneous." However, defendant does not indicate the specific findings about which he complains; therefore, his broadly-worded complaint is not sufficiently specific to preserve this issue for appeal.

## CONCLUSION

We overrule defendant's issues and affirm the trial court's judgment.


Sandee Bryan Marion, Justice

DO NOT PUBLISH